SAMUEL BENNETT and MATILDA WHITMAN, surviving Executors of Hiram Whitman, deceased, Plaintiffs in Error, v. C. COLDEN WHITMAN *et al.,* Defendants in Error.

ERROR TO BOONE.

On petition by executors for license to sell real estate to pay debts, and to build a house, etc., and to interpret the will, the court not having jurisdiction, under the statute, should dismiss the proceeding.

Bennett et al., Ex'rs, etc., *v.* Whitman et al.

In such a case, the court has not power to determine the duty of the executors. The proper proceeding is in chancery; and in that case, the evidence upon which a decree is based should be preserved of record, or recited in it. Where all the essential facts are not shown, the decree will be erroneous.

THIS was a petition, filed by Samuel Bennett and Hiram Whitman, executors, and Matilda Whitman, executrix, of Seth S. Whitman, deceased, against C. Colden Whitman, Ogden H. Whitman, Julia H. Whitman and Charles N. Whitman, in the Boone Circuit Court, setting forth,

That on or about the 1st of January, 1851, Seth S. Whitman, formerly a resident of Boone county, died at Janesville, in Wisconsin, seized of certain real estate situate in Boone and Winnebago counties, giving its description. That letters testamentary had been granted to the complainants, as executors of the last will of said Seth S. Whitman, by the Probate Court of Boone county, in which court said will had been duly admitted to probate. That they had filed an inventory of the personal estate of said Seth S. Whitman, and had proceeded with the administration of said estate and had reported to the said court. That the inventory of personal estate over that set apart to Matilda Whitman as widow of the deceased, amounting to $7,381.92, consisted of demands and choses in action, of which $3,000 was not then due, and a considerable part thereof not till the year 1855; that they had paid debts to $5,240.19, including therein a part of the legacies. Matilda Whitman had expended in support of herself and family, $1,452, making whole sum paid out by complainants in administration of the estate, about $7,000. That they had borrowed money on their own responsibility in order to pay debts, to the amount of $1,400, and other debts then due, about $700. That there were no means of said estate under their control out of which to pay debts aforesaid. That there would become due during that year (1853) $800, and during 1854, $1,000, a large part of which would have to be applied in support of widow and family, and they were of opinion that it would very much promote the interest of the estate to have most or all the real estate sold under the order and direction of the court, in order to raise a sufficient amount of money to pay off and discharge said debts and the various legacies charged upon said estate as speedily as possible; and inasmuch as the whole of the real estate would necessarily have to be sold to satisfy ·the various charges upon said estate, it would avoid large sacrifices of the choses in action, to make immediate sale of the real estate.

The petition sets out a copy of the will, and says that there are so many imperfections in the said will, particularly in respect to the powers intended or supposed to be conferred by its

provisions upon the complainants to carry out the purposes and intentions of the said testator, that it had become and was necessary, in their opinion, to submit said will to the consideration of that court, for its construction, and determination of the character and extent of their powers and duties, or that of either one of them, in respect to the disposition and future management of the property, both real and personal, of said testator, and for such order as it should please the court to make in the premises.

That said Seth S. Whitman died, leaving said Matilda Whitman his widow, and Ogden H. of age in 1852 ; C. Colden, aged 19, in August, 1853 ; Julia H., aged 10, in April, 1853, and Charles N., aged 3, in November, 1852, his children. That Matilda Whitman had been appointed general guardian of said children by the Boone County Court, and since the death of said Seth S. Whitman, had had the care of, and had paid out of the estate for their and her support as above stated.

That having to raise large sums of money to pay, since his death, debts contracted by said testator in purchase of real estate, it had become impossible, or at least impracticable, to build houses in Janesville, in accordance with the provisions of the will ; that it would cost $2,000 to build them. Sets forth other reasons why the buildings contemplated by the will should not be built then, and sets forth reasons why they should be built at Belvidere, and prays that the court might make an order allowing them to build a house for said Matilda and children at Belvidere.

They further charge " that it was the purpose and wish of the said Seth S. Whitman, in making his said will, to give the entire use, control and management of all his estate, both personal and real, to your petitioner, Matilda Whitman, for the purpose, among others, of enabling her to have sufficient means out of the avails thereof to provide said residence, and a comfortable and respectable support and maintenance, and education of said children."

That the provision for building at Janesville was not intended as a restriction, but an indication and directory. Sets forth reasons why the court should take jurisdiction, and prays that the court would determine the powers, rights and obligations of the petitioners, and especially of Matilda Whitman, under and by the provisions of said will ; and that the court would make such order or decree for the sale or other future disposition of said estate, real and personal ; and that such further, or such other relief might be granted as the nature of the case might require, etc.

Upon this petition the following order or decree was entered at the special December term of Boone Circuit Court: It appearing to the court that process has been duly served on the above named defendants, and publication has been duly made for the purpose of enabling the said complainants to present a petition for the sale of real estate according to the provisions of the statute; and it further appearing to the court that the said defendants are the only heirs at law of the said Seth S. Whitman, deceased; and the said Ogden H. Whitman having failed to appear and answer, and the said bill having been taken as confessed as to him, and the said C. Colden Whitman, Julia H. Whitman and Charles N. Whitman, having appeared and filed their answer herein by their guardian *ad litem*, heretofore appointed by an order of this court; and this cause having been brought on 'for final hearing on the pleadings, proofs and exhibits herein, and counsel having been heard, and the same being submitted to the court; and it appearing to the court from the proof herein made that the said complainants are executors of the last will and testament of the said Seth S. Whitman, deceased, and have been and are engaged in the exercise and discharge of their' trust as such executors, and have exhausted all the available personal estate of the said Seth S. Whitman, deceased, in the payment of the debts of said estate, leaving about the sum of three thousand dollars of debts and liabilities unpaid and due from said estate and chargeable thereupon. And it further appearing to the court that the said Seth S. Whitman died seized of the following real estate situate in the counties of Boone and Winnebago, in said State of Illinois, to wit, etc.

And it further appearing to the court that the further object of the said complainants' bill is to ascertain and have defined the power of the said complainants to sell said real estate under the provisions and for the purpose of carrying out the intention and objects of the said last will of said Seth S. Whitman, deceased. And it further appearing to the court that it is impracticable and inconsistent with the true interests of said estate, and that the terms of said will do not require the said complainants to appropriate any portion of said estate for the purpose of erecting a residence for said Matilda Whitman, at or near Janesville in Wisconsin; that under the terms of said will the said complainants are entitled to, and properly may exercise the necessary and sufficient power to sell and convey so much of said real estate as may be necessary to carry out the purposes and objects of said will, and that it has become necessary and proper, and is the interest of said estate that said executors should sell the said real estate, or so much thereof as

may be necessary for the purpose of paying the remaining debts of said estate, and also to provide for the support and maintenance of the said Matilda Whitman and the children of the said Seth S. Whitman, according to the provisions of said will. And the court having duly considered said matters and things, and being fully advised herein, it is ordered, adjudged and decreed, that the said Samuel Bennett, Matilda Whitman and Hiram Whitman, executors of the last will and testament of Seth S. Whitman, late of the county of Boone, deceased, be allowed, authorized and empowered to continue and proceed in the exercise and discharge of their trust as such executors, and that they be released and exonorated from building or erecting a residence at or near Janesville, in Wisconsin, to which reference is had in the third clause of said will. And it is hereby declared, ordered and decreed, that said clause of said will does not contain and express a trust peremptorily to be executed by said executors. And it is further declared, ordered, adjudged and decreed, that the said executors have, and rightfully and lawfully may, exercise the power to sell and convey the above described real estate, of which the said Seth S. Whitman died seized, either at private or public sale, for the purpose and objects specified in said will.

And it is further ordered, adjudged and decreed, that the said Samuel Bennett, Matilda Whitman and Hiram Whitman, executors as aforesaid, do and may, from time to time, sell, at public or private sale, as they shall deem it best for the interests of said estate, such parts or portions of said real estate as may be necessary for the payment of the debts of said estate, and for the necessary and sufficient support and maintenance of the said Matilda Whitman, and the necessary and sufficient support, maintenance and education of the said children of the said Seth S. Whitman, deceased, and that said executors make, execute and deliver to the purchasers a deed or deeds. And it further appearing to the court that the said Seth S. Whitman had, during his lifetime, sold divers tracts or parcels of land, and had executed his bonds to convey the same on payment of the purchase price thereof, and that said bonds were outstanding at the time of his death, but in full force; it is therefore further ordered, adjudged and decreed, that said executors be hereby authorized and directed to make, execute and deliver to the owner or owners of such bonds, all proper and necessary deed or deeds, in pursuance or fulfillment of the terms or conditions of such bonds, in case the amount due or to become due by the terms of such bonds, shall have been or may be paid to said Seth S. Whitman, deceased, or to the said executors. And it is further ordered and decreed that said executors do and shall

make report of all sales they may make, or deeds they may execute, under this decree, to this court, at the next term thereof after such sale or sales, and such sales and conveyances to be and remain subject to the approval or disapproval of said court. And it is further ordered, adjudged and decreed, that the costs of this proceeding be paid by the said complainants in the ordinary course of administration.

The errors assigned are:

1. That the case made by the petition is not such an one as to give a court of chancery any jurisdiction of it to grant any relief whatever.

2. That no notice of the application to sell real estate, under the statute, for the payment of debts, was given to persons interested.

3. That the evidence and proofs upon which the court acted, if any, do not appear of record.

4. That the court erred in its construction of the will.

5. That the court, by its construction of the will, vested the three executors with power to dispose of the estate of the testator.

6. That the court divested the said Matilda Whitman of the exclusive control and disposition of said estate, and vested it in the other two executors with her.

7. That the court below should have held that the property, both real and personal, of said testator, was by the will absolutely vested in said Matilda Whitman, subject to payment of debts and such legacies as by the will are specifically charged upon it, in the absence of personal property.

8. That all persons interested under said will were not made parties.

W. T. BURGESS, for Plaintiffs in Error.

B. C. COOK, for Defendants in Error.

WALKER, J. This was an application, by the executors of the last will of Seth Whitman, to the Boone Circuit Court, for license to sell real estate to pay debts. Also for a sale, for the support of the widow and family of the testator, and to obtain a construction of the will, and to be released from the erection of a house for a residence for the family, as required by the third clause of the will. The application was entitled as a petition, and was addressed to the judge of the circuit, and not to the chancellor. The executors call themselves petitioners, throughout the application. Service was had by summons on each of the defendants, and by the publication of a notice of

the intended application by the executors for the sale of real estate, according to the provisions of the statute. It is urged that if this is a proceeding under the statute for the sale of real estate, to pay debts, the court in such a proceeding has no power to hear and determine other questions, and to settle other equities, not involved in the question of the necessity for such sale. If this be such a proceeding under the statute, then the court can only exercise the jurisdiction, conferred by its provisions. The statute does not profess to confer nor does it confer general chancery powers, but only such as are necessary to attain the end proposed. And this court in the case of *Smith* v. *Mc Connell*, 17 Ill. R. 135, hold the doctrine, that in these applications, the administrator has no power " to support any possessory or real action, in law or equity, for the recovery or maintenance of possession or title ; or to clear up and vindicate title from clouds, from adverse claims." And that his " rights and powers were no broader than his duties ; and they are limited to the sale of the title and estate of the intestate, and the due administration of the proceeds." And if an executor has other and greater powers, they are conferred alone by the will, and cannot be conferred by the court in this proceeding. Under the statute, the court is only authorized to license and empower the executor or administrator to sell real estate, for the payment of debts, and in a proceeding under its provisions, all beyond, is unauthorized. If this was a proceeding under the statute, then the court had no jurisdiction to determine, whether the executors were required by the will to erect the dwelling-house, or that it was discretionary, nor to authorize the sale of real estate to support the family. Those questions could only be determined by other and different proceedings. This decree nowhere finds the amount of the indebtedness, or the personal assets to meet them, which was essential, if it were a proceeding under the statute ; and it does not limit the sale to that amount, nor does it require that the requisite notice shall be given, and that the sale should be at public vendue, and to the highest and best bidder ; but on the contrary authorizes it to be made, either at public ,or private sale, at the option of the executors. These are fatal errors to a decree, under a statutory proceeding for the purpose of paying debts.

It was not contended, that this was a proceeding under the statute, to sell the property of minors for their support, maintenance, or education, or for reinvestment, or to be loaned. This proceeding has scarcely an element of such an application, and cannot be sustained under its provisions.

If the court had jurisdiction to render this decree, it must be upon the grounds that it was a bill in chancery, and that the

case made by it, falls within the general chancery powers of the court. While it has all the marks of a petition under the statute, and seems to have been so regarded by the solicitor filing it, and although, if designed as a bill, it is very informal and untechnical, it may perhaps be so treated. But even treating it as such, there is none of the evidence, upon which the decree was based, preserved in the record, nor does the decree find or recite facts as having been proved, which will sustain it. The decree does not find the amount of personal assets. For aught appearing, there may have been an abundance for the payment of the debts, and the support of the family. It fails to find the amount of the debts against the estate. Nor does it appear how it is necessary, that this sale should be made for the support of the family. For anything appearing in this record, this real estate may all have been highly improved, and very productive, yielding means more than sufficient for that purpose. Nor does it appear why it was impossible or even injurious to the interest of the estate, to erect the dwelling for the use of the family, as required by the will. The court was not vested with a discretion to change the fund from real to personal estate, and no evidence or finding of the court show such facts as authorize such a change. The will certainly did not contemplate it, and fails to confer the power, and nothing short of the most cogent reasons, should induce a court to authorize such a course, and when the rights of minors are involved, it should only be done on proof that renders it clear and satisfactory that it is for their interest, that such a course should be adopted. And this record fails to disclose such evidence or the finding of such facts from the evidence, and is therefore erroneous.

The decree of the court below must be reversed, and cause remanded.

*Decree reversed.*