SARAH ANN QUIGLEY, impleaded, etc., *et al.*,

*v.*

OBADIAH ROBERTS.

1. INFANTS — *must defend by guardian.* A guardian *ad litem* must be appointed for infant defendants, or the proceedings against them will be erroneous.

2. SAME — *in suits against — strict proof required.* The rule of practice is well settled, that, in proceedings against minors, even where there is a guardian, strict proof is required. Nothing can be admitted, but every thing must be proved, against them, the same as if every material allegation had been denied by answer.

3. SAME — *cannot be defaulted.* Neither can a default or a decree *pro confesso* be entered against an infant.

4. CHANCERY PRACTICE — *evidence in chancery suits should be preserved in the record.* Under our practice, the evidence in chancery proceedings. should be preserved in the record.

WRIT OF ERROR to the Circuit Court of Union county; the Hon. WALTER B. SCATES, Judge, presiding.

This was a bill in chancery, filed in the Circuit Court of Union county by the defendant in error, Obadiah Roberts, against the plaintiff in error, impleaded with others, for a decree for the sale of certain lands, wherewith to pay a certain debt due and owing to the complainant from Thomas L. Quigley, deceased, and secured by his note and a deed of trust on the lands in question, in which deed one James Littleton, also deceased, was named as trustee.

The questions presented by the record are fully stated in the opinion.

Mr. J. DOUGHERTY, for the plaintiff in error.

1. A bill cannot be taken for confessed against an infant under any circumstances. *Sconce* v. *Whitney*, 12 Ill. 150.

2. Nothing can be admitted, but every thing must be proved, against an infant. Neither can a default or a decree *pro con-*

*fesso* be taken against an infant. *Hitt* v. *Orsmbee*, 12 Ill. 166.

3. A decree cannot be entered against infants without proof to sustain the allegations of the bill.

Mr. JUSTICE WALKER delivered the opinion of the Court:

On the seventh day of March, 1843, Obadiah Roberts filed a bill in chancery in the Union Circuit Court against Margaret Quigley, Elizabeth Quigley, Sarah Ann Quigley and Austin Quigley; the first, the widow, and the others the minor heirs of Thomas L. Quigley, deceased, and the heirs at law of James Littleton, deceased; the bill alleged that Thomas L. Quigley died seized of a number of tracts of land, which are described in the bill; that he was indebted to complainant, in the sum of $1,000, in his life-time, to secure which he had executed his note, and also a deed of trust on these lands, to . James Littleton, as a trustee, with power to sell the same, on default of payment of the debt; that both Quigley and Littleton had departed this life; that the debt remained due and unpaid: and he prayed a decree for the sale of the lands to pay the debt.

A summons was issued, and served by reading, on all of the defendants but Austin Quigley. Margaret Quigley appeared and filed a demurrer, which was afterward withdrawn, upon an agreement that her right to dower in the premises should not be affected by the proceeding. A default was entered against the defendants, and the lands were decreed to be sold, subject to the widow's dower, to satisfy the debt.

Subsequently, complainant filed a supplemental bill, reciting the matters contained in the original bill and the proceedings previously had in the case, and alleging that there were a number of parties in interest who were not known or made parties when the original bill was filed. It prayed that they be made parties, and that the defendants to the original bill be made parties, for process, and that the former decree be carried into effect. Service was had by summons and publication. Sarah Ann Quigley was not named as a defendant in this bill. A guardian *ad litem* was appointed for Elizabeth

and Austin Quigley and the infant heirs of Littleton. He answered that he knew of no reason why the relief prayeα should not be granted. The other defendants failing to answer, the bill was taken as confessed, and a decree was passed appointing a commissioner to execute the former decree by making sale of the land, and that he report his proceedings to the court. He made a sale which was reported to and approved by the court.

Plaintiff in error brings the case to this court on error, and insists that, being a minor at the time the original bill was filed, the decree *pro confesso* against her was erroneous, and, not having been made a party to the supplemental bill, her rights were not affected by that proceeding. The original bill alleges that she was a minor, and it was taken as confessed against her, as well as the other defendants, and the relief sought was granted. No guardian *ad litem* was appointed under the former bill, and she was not made a party to the supplemental bill. There is no rule of practice better settled, than that a minor must defend by a guardian. In this case no guardian of any kind appeared for plaintiff in error. It does not appear by the bill that she had a guardian, or that a guardian *ad litem* was appointed by the court.

The practice is equally well settled, even if there had been a guardian, that a decree cannot be rendered against a minor unless it be on proof of the allegations of the bill. It cannot be taken as confessed, nor can the guardian admit the bill so as to bind minor defendants. It is the duty of the court to protect the interests of minors, and refuse to render a decree depriving them of their rights, except on the same proof that would be required if every material allegation of the bill had been denied by an answer, and it is error to render a decree on any less proof. Again, the evidence in a chancery case, under our practice, should always be preserved in the record by some appropriate mode. These rules have been so often announced by the court, that it is unnecessary to cite the cases, or to refer to works on practice. They must be regarded as settled, and must be familiar to the entire profession. Plaintiff was not

defended by guardian, and was defaulted, and the bill taken as confessed, which was error. The execution of the deed of trust by her father does appear in the record, but the other material allegations of the bill are not established by any evidence preserved in the record. For these errors the decree of the court below must be reversed and the cause remanded.

*Decree reversed.*