ALLEN GOOCH

v.

HENRY W. GREEN.

*Filed at Springfield March 28, 1882.*

| 102 | 507 |
| 129 | 350 |
| 102 | 507 |
| 131 | 318 |
| 102 | 507 |
| 132 | 273 |
| 102 | 507 |
| 134 | 277 |
| 102 | 507 |
| 143 | 556 |
| 145 | 517 |
| 102 | 507 |
| 190 | 4 52 |
| 102 | 507 |
| 207 | ³420 |

1. INFANT—*right to impeach decree.* Where a decree is rendered against a minor defendant, he is entitled to his day in court, whether the right is reserved in the decree or not; and he may, even during his minority, by his next friend or guardian, file an original bill to impeach the decree, either for fraud or error appearing on its face.

2. The fact that a decree in a suit for partition was rendered by the agreement and consent of a minor defendant's guardian, will not preclude the minor from bringing a bill to impeach it. It is error to render a decree against a minor, unless it be on proof of the allegations of the bill.

3. CHANCERY—*general demurrer to bill—its effect where any good grounds for relief appear.* Where a bill in chancery sets forth various grounds of relief or claims to the interposition of the court, and the defendant files a general demurrer, or moves to dismiss for want of equity, the demurrer or motion should be overruled if any of the grounds or claims be proper for its jurisdiction.

4. BILL OF REVIEW—*is matter of right—when it will lie.* An original bill, in the nature of a bill of review, may be brought for the purpose of impeaching a decree for fraud. It is a matter of right, and may be filed at any time, unless barred by the statute, without the leave of court, and may be brought for fraud in fact or fraud in law.

5. PARTITION—*must be according to interest of the parties.* Where a decree for partition finds six-sevenths of the land in the petitioner, and one-seventh in the defendant, the commissioners appointed to divide the land have no authority, under their appointment, or by the statute, to give the petitioner more than his share as found in the decree, and require him to pay therefor a certain sum of money, and a decree confirming such report is erroneous.

6. SAME—*fraudulent action of commissioners.* It is the duty of commissioners, on partition, to make a fair and impartial division of the lands according to the rights and interests of the parties, as declared by the judgment of the court; and if they, in the discharge of their duty, are influenced and governed by one of the parties in interest, to assign to him all the valuable and productive lands, and to the other party land of inferior quality, and less in quantity than his share, such action will be fraudulent, and will not be binding on the party injured thereby.

WRIT OF ERROR to the Circuit Court of Cumberland county; the Hon. WILLIAM C. JONES, Judge, presiding.

Mr. E. CALLAHAN, for the plaintiff in error:

That an infant, who is aggrieved by the decree of a court of chancery, may file an original bill for redress on arriving at his majority, or before, by his next friend, counsel cited *Loyd* v. *Malone et al.* 23 Ill. 43; *Kuchenbeiser* v. *Beckert et al.* 41 id. 172; *Richmond* v. *Tayleur*, 1 P. Wms. 736; *Newland* v. *Gentry*, 18 B. Mon. 671; *Voss* v. *Allen*, 52 Ill. 478; Mitford's Pleadings, 113; Ewell's Leading Cases on Infancy, 237; Bingham on Infancy, 131.

Messrs. DECIUS & EVERHART, for the defendant in error:

The motion to strike the bill from the files is much the same, in its nature and scope, as a demurrer. *Emerson* v. *Western Union R. R. Co.* 75 Ill. 176.

The motion questions the plaintiff's right to file such a bill, and the sufficiency of the bill. The first reason assigned for the motion is, that the bill sets up facts not appearing in the original case, and was filed without leave. *Getzler* v. *Saroni*, 18 Ill. 517.

The second is, that it is not shown that plaintiff in error has complied with the decree, and if the defendant has performed his part, there is no offer to place him in the same condition he was before executing the decree. The complainant seeking equity should do equity, and pay back what he has received. *Horner* v. *Zimmerman et al.* 45 Ill. 14; *Griggs* v. *Gear*, 3 Gilm. 2.

Third, that the record shows the decree complained of was entered by consent of the legal guardian, therefore the decree can not be reviewed by bill of review, original bill, appeal or writ of error. *Armstrong et al.* v. *Cooper*, 11 Ill. 540; *Flagler* v. *Crow*, 40 id. 414; *Strubher et al.* v. *Belsey*,

79 id. 307; *Hass* v. *Chicago Building Society,* 80 id. 248; *Fellers et al.* v. *Rainey,* 82 id. 114.

Mr. E. CALLAHAN, for the plaintiff in error, in reply:

A demurrer, or a motion to dismiss a bill for want of equity, raises no question as to the right to file the bill, but denies that the bill states a case calling for the interposition of a court of equity,—while a motion to strike a bill from the files assumes that the bill is wrongfully filed, and that the court has no right to inquire into its merits.

It is insisted that as the decree was entered by consent, it can not be reviewed in any mode. None ·of the authorities cited to sustain this point involves the rights of an infant.

That an infant can not bind himself by consent or contract, and can not be bound by the admissions, etc., of his guardian, counsel cited the following among other authorities: *Bliss et al.* v. *Perryman,* 1 Scam. 486; *Cole* v. *Pennoyer,* 14 Ill. 158; *Mathes* v. *Dobschuetz,* 72 id. 438; *Davidson* v. *Young,* 38 id. 145; *Chicago, Rock Island and Pacific R. R. Co.* v. *Kennedy et al.* 70 id. 350; *Tuttle* v. *Garrett,* 16 id. 354; *Field* v. *Allen,* 27 id. 119; *Waugh* v. *Robbins,* 33 id. 183; *Barnes* v. *Hazelton,* 50 id. 431.

Infants can not be prejudiced by the misstatements or omissions of their guardian in his answer for them. Tyler on Infancy, 172.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Allen Gooch, an infant, by Mary Ingle, his guardian, against Henry W. Green, to impeach a decree of the circuit court of Cumberland county, which was rendered in a proceeding instituted by Henry W. Green against Allen Gooch, to partition certain lands owned by them in common. The bill prayed that the court review, reverse, and set aside ·all the proceedings in the partition suit occurring after the judgment of partition, including the

report of the commissioners and the order and decree of the court made on the coming in of said report; that commissioners might be appointed to make division and partition of the lands under the provisions of the statute, and for general relief. In the circuit court the defendant appeared, and entered a motion to strike the bill from the files, for certain reasons in the motion specified. The court sustained the motion and dismissed the suit.

Whether the court, on the motion to dismiss, held that the bill could not be maintained by the complainant, or treated the motion as a demurrer, and held that the allegations of the bill were insufficient, we are not advised. In either event, however, we are of opinion that the decision was wrong.

This is not strictly a bill of review, as intimated by counsel for defendant in the argument, and hence the authorities cited, which control the practice where a bill of review is filed, can not control here; but as we understand the record this is an original bill, brought by a minor to impeach a decree for fraud and error appearing on the face of the decree. The right of a minor to maintain a bill of this character was settled in *Loyd* v. *Malone*, 23 Ill. 43, where the authorities were reviewed, and it was expressly decided that an infant might file an original bill to impeach a decree for fraud or error appearing on the face of the decree. This was followed by *Kuchenbeiser* v. *Beckert*, 41 Ill. 172, where it was held, that where a decree has been rendered against a minor defendant, he is entitled to his day in court, whether the right is expressly reserved in the decree or not; and he may, even during his minority, by his next friend or guardian, file an original bill to impeach the decree, either for fraud or error appearing on its face. If, then, there was error or fraud in the decree, the complainant had the right to bring his bill.

This brings us to a consideration of the allegations of the bill. The bill, it will be observed, contains several distinct

grounds of relief, and if any one of them is well founded in equity, the court erred in sustaining the motion to dismiss, which is to be treated as a general demurrer.

It is a rule in equity proceedings, where the bill sets forth various claims to the interposition of the court, and the defendant files a general demurrer, the demurrer should be overruled if any of the claims be proper for its jurisdiction; and a demurrer to the whole of a bill, containing some matters relievable and others not, will be bad, unless it be for multifariousness. *Brown* v. *Hogle*, 30 Ill. 119; Story's Eq. Pleadings, sec. 443.

It appears from the allegations of the bill, that in the partition decree six-sevenths of the lands were decreed to Henry W. Green, and one-seventh to complainant, Allen Gooch; that George Moreland, Samuel S. Yanaway, and Joseph Havens, were appointed commissioners to apart and divide the lands according to the rights of the parties, as found by the decree. Under this decree it was the manifest duty of the commissioners to set off six-sevenths of the lands to Green, and one-seventh to Gooch. This, however, they failed to do, but, on the contrary, they set off to Green, as appears by the report, more than six-sevenths of the lands, and in order to compensate Gooch for this disregard of duty, they required Green to pay him, in cash, $150. The commissioners had no authority, under the statute, to make such a division of the lands, and the decree confirming the report was erroneous.

A minor can not sell and convey his lands, nor can the court properly decree a sale of lands belonging to a minor, except upon an application for that purpose in the mode provided by the statute. The effect of the decree, however, rendered in this case, was to divest the minor of the title to a portion of his lands. It in effect transferred a portion of the lands to Henry W. Green, for the sum of $150. It may be that the land transferred by the commissioners to Green

was not worth more than the amount allowed him; but that does not affect the question. They had no authority, under the decree, or the statute under which they acted, to take any part of the land that belonged to the minor, and for a consideration in money transfer it to another. When the report of the commissioners was submitted to the court, showing, as it did, this unauthorized act, the court should have set the report aside. This was not, however, done, but a decree of confirmation was rendered, and in our judgment this error, of itself, is enough to impeach the decree.

But it will not be necessary to rest the decision on this ground alone. The bill contains the following allegation: "That said commissioners, in making such partition, could have assigned to complainant a just, fair and equal one-seventh part of said lands, but in disregard of their obligation and duty they acted under the direction of the said Henry W. Green, and made such division of said lands as he requested, assigning to him all the lands that were valuable and productive, and to complainant lands of inferior quality, and less than one-seventh the number of acres contained in said lands." If this allegation be true (and its truth is admitted by the motion to dismiss), the action of the commissioners was fraudulent, and can not be held binding on complainant. It was the duty of the commissioners to make a fair and impartial division of the lands, according to the rights and interests of the parties, as declared by the judgment of the court. If the commissioners, in the discharge of their duty, were influenced and governed by one of the parties in interest, as alleged in the bill, such action would be fraudulent, and could not be held binding on the complainant.

The bill contains other allegations, which, if true, show good ground for relief in a court of equity. But it will not be necessary to consider them here, as enough has been adverted to to show that the bill contained allegations sufficient to entitle complainant to the relief prayed for in the bill.

Much stress has, however, in the argument, been placed on the fact that the decree sought to be impeached was rendered by agreement. That fact can have no bearing here, as an infant is not bound or concluded by an agreement. In a proceeding in chancery a decree can not properly be rendered against a minor, unless it is founded upon and sustained by the evidence. It is erroneous to take a decree *pro confesso* against a minor, nor can a decree be properly rendered by the agreement of a guardian that the allegations of a bill are true. The correct rule upon this subject is laid down in *Quigley* v. *Roberts*, 44 Ill. 503, where it is declared that a decree can not be rendered against a minor unless it be in proof of the allegations of the bill. The fact, therefore, that the decree in question was rendered by an agreement of the guardian of complainant, did not preclude him from bringing a bill to impeach it.

It is also urged that the bill was properly dismissed, as it was filed without leave of court. An original bill, in the nature of a bill of review, may be brought for the purpose of impeaching a decree for fraud. It is a matter of right, and may be filed at any time, until barred by the statute, without the leave of court, and may be brought for fraud in fact or fraud in law. *Griggs* v. *Gear*, 3 Gilm. 2.

Other objections were made to the bill, but it will not be necessary to consider them here. We are satisfied that the bill, although not drawn as skillfully as it might be, contains enough, if the allegations be true, to authorize the court to grant the relief prayed for in the bill.

The decree of the circuit court will be reversed, and the cause remanded.

*Decree reversed.*