Gage v. Eggleston.

ASAHEL GAGE

v.

CHARLES B. EGGLESTON.

*Practice—Decree—Evidence—When to be Preserved in Record—Bill to Quiet Title.*

Under the rules of chancery practice in this State the party in whose favo the decree grants relief, must preserve the evidence in the record, unlessr the decree recites the facts proved on the hearing.

[Opinion filed May 31, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. GWYNN GARNETT, Judge, presiding.

Mr. AUGUSTUS N. GAGE, for appellant.

Mr. N. M. JONES, for appellee.

McALLISTER, J.    This was a bill in chancery brought by
appellee Eggleston against appellant Gage, for the purpose of
removing, as a cloud upon the title of certain described prem-
ises of the former, a tax sale and the certificate issued thereon
to the latter.    The defendant answered, denying all material
allegations of the bill, to which replication was filed.    Upon
the hearing a decree passed granting the relief prayed.    The
defendant brings the case to this court on appeal, and assigns
for error, among others, that the decree is not supported by
any evidence.

The record contains no depositions, master's report or cer-
tificate of evidence.    Nor does the decree recite any facts as
found by the chancellor.    In such a case as this, where there
is an absence of facts recited in the decree for its support, the
party in whose favor the decree was rendered, must, in order
to retain it on appeal or error, see to it that the evidence is
preserved in the record in some of the modes recognized by the
established rules of chancery practice in this State.    White
v. Morrison, 11 Ill. 361; Nichols v. Thornton, 16 Ill. 113;
Mason v. Bair, 33 Ill. 194; Waugh v. Robbins, 33 Ill. 181;
Eaton v. Sanders, 43 Ill. 435; McIntosh v. Saunders, 68 Ill. 128;
Moss v. McCall, 75 Ill. 190.

In Marion v. Collins, 98 Ill. 516, the court says: "Ap-
pellee has preserved no evidence in the record, and, according
to the practice in courts of equity as announced in many cases
in this court, the party in whose favor the decree granting
relief is rendered, to maintain it, must preserve the evidence,
or the decree must find specific facts that were proved on the
hearing.    It is not the duty of the party against whom the
decree granting the relief is rendered, to preserve the evi-
dence."

For the reason, therefore, that no facts are found by the
decree, and no evidence preserved in the record in this case,
the decree must be reversed and the cause remanded.

                                        *Reversed and remanded.*