# JOSEPH BRECHON ET AL.
## v.
## ETZARD DUIS.

*Practice—Appeal from Chancery Decree—Absence of Certificate of Evidence.*

Upon appeal from a decree in chancery, where there is no certificate of evidence in the record, and the decree does not recite the evidence nor the findings of the court below, the case must be reversed without regard to the merits,

[Opinion filed June 17, 1891.]

APPEAL from the Circuit Court of Lee County; the Hon. JOHN D. CRABTREE, Judge, presiding.

Messrs. W. & W. D. BARGE and M. ROSENTHAL, for appellants.

Mr. A. K. TRUSDELL, for appellee.

C. B. SMITH, P. J.   This was a bill in equity, brought by appellee against appellant to set aside a certain deed made by Joseph Brechon, conveying his farm to his children, Jules P., Gustavus P. and May P. Brechon for a consideration of $8,000. One thousand was paid at the time and a note and a mortgage given for the remaining $7,000.   This deed was made June 15, 1885.   Some time after this deed was made and the mortgage executed an arrangement was made between Joseph Brechon and his children that the note and mortgage for $7,000 should be canceled, and in lieu thereof the children entered into an agreement binding themselves to pay the father and mother the annual sum of $200 per year during their natural lives.   The $1,000 paid on the farm was borrowed of Alexander Robertson, one of the defendants, and a mortgage on the farm given him to secure this loan by the children of Joseph Brechon above named.

Brechon v. Duis.

Prior to the date of the foregoing transaction, Peter Brechon, a son of Joseph, had rented a farm from appellee, Duis, and given his note or notes for the rent to accrue in the sum of $1,000, and Joseph Brechon had become surety for his son on this note, and it was for a failure to pay this note, or some part of it, and which it is claimed was reduced to judgment against Joseph Brechon, that this bill was filed. The bill charges that the foregoing sale of the land to the children of Joseph Brechon was fraudulent and made with intent to hinder and delay appellee in the collection of his judgment. This charge in the bill was denied by all the defendants, and strict proof of every allegation in the bill demanded. Issue was joined and the cause heard by the court and the prayer of the bill granted and the deed set aside as fraudulent. Appellants prayed an appeal and obtained sixty days in which to prepare a certificate of evidence. They never asked for a certificate of evidence, nor did the appellee take the precaution to have a certificate of the evidence, nor does the decree recite what the evidence was or the findings of the court. The evidence is not present either in the record nor in the decree. The decree will, therefore, have to be reversed because there is not sufficient evidence present in the record or decree to support the decree of the court, which must be done under our practice. There is not even evidence of a judgment. Marvin v. Collins, 98 Ill. 510; Gage v. Eggleston, 26 Ill. App. 599; Baird v. Powers, 131 Ill. 66.

Without any reference to the merits of the case the decree will be reversed and cause remanded.

*Reversed and remanded.*