## Crawford-Adsit Co. v. Asa Bell et al.

1.  CHANCERY PRACTICE—*Bill for Temporary Injunction Must be Verified.*—To warrant the issuing of a temporary injunction upon the allegations of a bill of complaint, these allegations must in their material parts be verified, and such verification must be positive and not merely on information and belief.

2.  SAME—*Decree Must Have Support in Record—Preserving Evidence.*—An order or decree granting affirmative relief must have support in the record, either by a specific finding of facts in the decree, or by depositions, by evidence contained in the record of a master or by a certificate of the evidence.

3.  SAME—*Party Favored by Decree Must Preserve Evidence.*—In chancery it rests upon the party in whose favor the decision grants relief to preserve in some manner, in the decree or elsewhere in the record, the evidence which sustains and warrants the decree.

Injunction.—Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1900. Reversed and remanded. Opinion filed June 10, 1901.

JOSEPH A. McINERNEY and JAMES W. TAYLOR, attorneys for appellant; F. L. BROOKS, of counsel.

BULKLEY, GRAY & MORE, DAVID S. GEER, ALDEN, LATHAM & YOUNG, and ABBOTT, BUCHHOLZ & ABBOTT, attorneys for appellees.

MR. JUSTICE SEARS delivered the opinion of the court.

This is an appeal from an interlocutory order granting an injunction. By the order appellant and others were restrained from the prosecution of some hundred attachment suits brought by appellant against the various appellees. The original bill of complaint was filed by Asa Bell, who was made a defendant in one of the attachment suits, and

the other appellees, who were severally defendants in other attachment suits brought by appellant, filed their intervening petitions in the cause. The relief asked by the original bill of complaint and by each intervening petition was the same, viz., that the further prosecution of the attachment suits be enjoined. Neither the bill of complaint nor any of the intervening petitions was verified. No affidavits were presented in support of the motion for a temporary injunction. The order granting the injunction recites that " the court having heard the testimony of the defendants and other witnesses taken in open court, etc., and being fully advised in the premises does order," etc. But the order does not recite any facts found from such testimony.

The order can not be sustained. It is not necessary to consider any other ground of objection except the lack of any evidence to support the unverified allegations of the bill of complaint. This bill of complaint was not sworn to by any one, and was not even signed by the complainant, but by his solicitor only. No affidavits were filed in support of the bill, and the evidence heard by the chancellor is not preserved by a certificate of the evidence or by specific findings of fact in the decree. The order can not be permitted to thus rest upon the mere unverified allegations of a bill of complaint. It has been repeatedly held by this court that to warrant the issuing of a temporary injunction upon the allegations of a bill of complaint, these allegations must, in their material parts, be verified, and that such verification must be positive and not merely upon information and belief. The Board of Trade v. Riordan, 94 Ill. App. 298, and cases therein cited.

Here there was no verification whatever. The recital in the order that evidence was heard by the chancellor in open court, does not avail, for that evidence is not preserved. It is a well established rule of our chancery practice, that an order or decree granting affirmative relief must have support in the record, either by finding of specific facts in the decree, or by depositions, or by evidence contained in the report of a master in chancery or by certificate of the evidence.

White v. Morrison, 11 Ill. 361; Ward v. Owens, 12 Ill. 283; Nichols v. Thornton, 16 Ill. 113; Bennett v. Whitman, 22 Ill. 448; James v. Bushnell, 28 Ill. 158; Waugh v. Robbins, 33 Ill. 181; Quigley v. Roberts, 44 Ill. 503; Wilhite v. Pearce, 47 Ill. 413; Driscoll v. Tannock, 76 Ill. 154; Marvin v. Collins, 98 Ill. 510; Baird v. Powers, 131 Ill. 66; Bonnell v. Lewis, 3 Ill. App. 283; Updike v. Parker, 11 Ill. App. 356; Gage v. Eggleston, 26 Ill. App. 599; Farwell v. Patterson, 76 Ill. App. 601; Rump v. Rump, 94 Ill. App. 582.

At common law it rests upon the party attacking the judgment to preserve the evidence, if he desires to question its sufficiency; but in chancery it rests upon the party in whose favor the decision grants relief to preserve in some manner, in the decree itself or elsewhere in the record, the evidence which sustains and warrants the decree. Hughs v. Washington, 65 Ill. 245.

And this rule of practice applies as well to other orders in a suit in chancery as to the final decree. Albright v. Smith, 68 Ill. 181; Stinnett v. Wilson, 19 Ill. App. 38.

In no manner is the evidence preserved in this record to support the order appealed from. It must therefore be reversed. The order is reversed and the cause is remanded.