# Fort Dearborn Safe Deposit Company, Appellee, v. Jay A. Rigdon et al.

## On Appeal of Jay A. Rigdon, Appellant.

## Gen. No. 18,041.

1. INJUNCTIONS—*what essential to granting of preliminary.* In order to justify the granting of a preliminary injunction the essential averments of the bill must be verified.

2. INJUNCTIONS—*when preliminary improperly granted.* If an interlocutory order is broader in its terms than the prayer of the bill it will be reversed on review.

Bill for injunction. Appeal from the Circuit Court of Cook county; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed and remanded. Opinion filed December 13, 1911.

FRED A. BANGS and E. I. FRANKHAUSER, for appellant.

ADAMS, BOBB & ADAMS, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is an appeal from an interlocutory order of the Circuit Court granting an injunction without notice.

Appellee filed its bill in the nature of a bill of interpleader against the appellant, Jay A. Rigdon, and one Anna M. Rigdon, administratrix, and prayed for an injunction restraining said defendants, their agents, attorneys and deputies from commencing any action or actions against appellee for the recovery of the contents of certain safety deposit boxes, until the further order of the court. The order granting the injunction is as follows:

"On motion of solicitor for complainant and on reading the bill for good cause shown it is ordered, directed and decreed that a writ of injunction issue without bond, restraining and enjoining Jay Rigdon and Michael Zimmer, Thomas M. Hunter, bailiff, their agents, attorneys, solicitors and deputies, from prosecuting the replevin suit and executing the replevin writ begun by said Jay Rigdon against the complainant herein, that they and each of them refrain from drilling or opening any vaults or safes of the complainant herein or removing any of the contents of any boxes, that they leave the premises of the complainant instanter and refrain from re-entering pending the further order of this court."

There are two sufficient reasons why the order must be reversed and the cause remanded.

*First*: The essential averments in the bill are not verified. Board of Trade v. Riordan, 94 Ill. App. 298; Crawford-Adsit Co. v. Bell, 95 Ill. App. 427.

*Second*: The injunction order is broader in its terms than the prayer of the bill. Deaconess Hospital

v. Bontjes, 207 Ill. 553; Andrews v. Kingsbury, 212 Ill. 97.

The order is reversed and the cause remanded.

*Reversed and remanded.*