Lorenz von der Leck, Appellee, v. Baldwin County Colonization Company, Impleaded with Henry C. Bartling, Appellant.

## Gen. No. 19,147.

1. INJUNCTION—*positive verification of material facts necessary.* To warrant the issuing of a temporary injunction upon the allegations of a bill of complaint, the verification of its material parts must be positive and not merely upon information and belief.

2. INJUNCTION—*verification of material facts sufficient.* A bill of complaint which is sworn to be true except as to allegations made upon information and belief, in which the material allegations are positively made, is sufficiently verified for the issuance of an injunction.

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed March 6, 1913.

W. J. LAVERY, for appellant.

STEDMAN & SOELKE, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This is an appeal from an interlocutory order of the Circuit Court of Cook county, entered November 16, 1912, granting an injunction against appellant. The order was that appellant, its agents, employes and attorneys be enjoined and restrained, until the further order of the court, from foreclosing, selling, encumbering or otherwise disposing of two certain notes and real estate mortgages executed by appellee and Louise von der Leck, described in the amended and supplemental bill of complaint of appellee. The order was entered on condition that appellee file an injunction bond in the sum of $1,200 to be approved by the court, which bond was so approved and filed.

The original bill was filed September 27, 1912, and sought only to obtain an accounting from appellant and Henry C. Bartling. On November 14, 1912, appellee filed his amended and supplemental bill of complaint in which he prayed, among other things, for a preliminary injunction.

Appellant seeks a reversal of the interlocutory order on the sole ground that the amended and supplemental bill is not properly verified. The affidavit is as follows:

"STATE OF ILLINOIS,⎱ ss.
County of Cook. ⎰

Lorenz v. d. Leck first duly sworn on oath deposes and says that he is the complainant, in the original bill of complaint and in this, your petitioner's supplemental bill; that he has read the original bill herein and the amended bill of complaint, and this, your petitioner's supplemental bill of complaint and that he knows the contents thereof and that the allegations therein are true of his own knowledge, except wherein stated to be upon information and belief, and as to those facts so stated to be upon information and belief your petitioner verily believes them to be true.

LORENZ V. D. LECK.

Subscribed and sworn to before me
this 9th day of November, A. D. 1912.
    MARCUS J. GOLDEN,
        Notary Public.
(SEAL)"

"To warrant the issuing of a temporary injunction upon the allegations of a bill of complaint, these allegations must, in their material parts, be verified, and such verification must be positive and not merely upon information and belief." Crawford-Adsit Co. v. Bell, 95 Ill. App. 427, 428; 2 High on Inj. (4th Ed.), sec. 1567; Board of Trade v. Riordan, 94 Ill. App. 298, 309; Fort Dearborn Safe Deposit Co. v. Rigdon, 166 Ill. App. 334. Upon examination of the amended and supplemental bill we find that, while some of the allegations are stated to be upon information and belief,

the material allegations are positively made. By the above affidavit appellee swears that the allegations of the amended and supplemental bill "are true of his own knowledge, except wherein stated to be upon information and belief, and as to those facts so stated to be upon information and belief your petitioner verily believes them to be true." We are of the opinion that the bill is sufficiently verified. Counsel for appellant cites several cases which he says support his contention. Upon examination of those cases, and other similar ones, we find that the affidavits were held to be defective "in failing to distinguish between matters which were stated upon complainant's own knowledge and those which were stated on information and belief." Christian Hospital v. People, 223 Ill. 244, 249; Siegmund v. Ascher, 37 Ill. App. 122; Stirlen v. Neustadt, 50 Ill. App. 378. We do not think that the affidavit to the bill in this case is defective in this particular. Parish v. Vance, 110 Ill. App. 50, 55; James E. Pepper Distributing Co. v. McLeod, 121 Ill. App. 592, 593.

The order is affirmed.

*Affirmed.*