## Godfrey Johnson, Appellant, v. Ida O. Crouch et al., Appellees.

## Gen. No. 6,969.

1. INJUNCTION—*necessity that injunction be based on pleading.* An injunction must always be based upon the allegations of the bill or cross-bill and cannot be based upon matters and things which are not alleged in the pleadings.

2. INJUNCTION—*when temporary injunction should not be issued without notice.* A temporary injunction should not be issued without notice upon a bill or cross-bill, the important allegations of which are stated on information and belief.

3. INJUNCTION—*when temporary injunction improperly issued.* A temporary injunction was improperly issued where the only security given was a statement in an affidavit that the master in chancery had a sum of money in his hands paid by defendant to redeem the premises in controversy and that affiant was willing this should remain as security, where affiant in her cross-bill alleged that the redemption was without force and effect, prayed that it be declared null and void and alleged that the money in the master's hands did not belong to her.

Appeal from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in this court at the April term, 1922. Reversed and remanded with directions. Opinion filed February 23, 1922.

ELA, GROVER & MARCH and JUSTIN K. ORVIS, for appellant.

JOHN D. POPE and ALBERT L. HALL, for appellees.

MR. JUSTICE JONES delivered the opinion of the court.

The appellant, Johnson, filed his bill of complaint alleging that on January 29, 1912, Ida O. Crouch and her husband, Charles P. Crouch, then being the owners of certain described real estate, entered into a written agreement with him, the appellant, whereby they agreed to sell and convey to him by warranty deed the said described premises for $3,600, payable in the following manner: $375 in cash, $725 in equal monthly instalments of $50 each, on the 15th day of each and every month thereafter, and to assume a mortgage indebtedness of $2,500. This contract was duly recorded. Under the terms of the contract appellant entered into immediate possession and by himself and his tenants has continued in such possession ever since. The bill further alleges that the complainant has complied with all the terms of his said agreement including the payment of all parts of said consideration; that the said Ida O. Crouch was thereafter divorced from her husband and became the wife of A. C. Ure; that the said Charles P. Crouch conveyed the said premises to

his former wife, Ida O. Ure, and on the 16th day of October, 1919, she conveyed it to Converse Marble, who thereafter conveyed it to Minnie Rosenburger; that he is entitled to a deed to the premises under his said agreement and has made proper demand therefor which has been refused him by the said parties. The bill prays for specific performance and for quieting the title and removing clouds.

All of said defendants answered denying all of the material allegations of said bill except the existence of the original contract and the payment of the said $375 thereon. The defendant, Minnie Rosenburger, under leave of court, filed her cross-bill on April 5, 1921, by which she alleged the ownership of said premises in the cross complainant through mesne conveyance from said Crouch and his wife; that the said Johnson failed to pay the instalments of the purchase price, interest on the mortgage and taxes as provided in said contract and abandoned his contract prior to March 1, 1914; that on or about the 10th day of May, 1914, the said Crouch and wife forfeited and terminated the said contract with appellant after giving him 60 days' notice in writing as provided in said contract; that said mortgage was foreclosed under a decree of court and the premises were sold on August 25, 1919, for the amount of the debt, interest and costs; that the certificate of sale was thereafter assigned to the cross complainant and her husband; that on October 2, 1920, the said Johnson paid the master in chancery $3,138.50 for the purpose of redeeming the premises from the said foreclosure sale and that a certificate of redemption was issued to the said Johnson and duly recorded; that from the time the cross complainant and her husband acquired title to the premises in question they have been in continuous possession thereof; that the said Johnson has encroached upon said premises and has wilfully and maliciously entered upon same by himself and his agents and has made alterations and

excavations, removed chicken coops and small buildings to the injury of said premises; has collected rents; has attempted to make repairs and has threatened the possession of the premises; that the aforesaid certificate of redemption issued to the said Johnson is void and of no effect; that Johnson has no right or interest in the premises which entitled him to make redemption thereof; that the said redemption money still remains in the hands of the master in chancery; and that the said certificate of redemption is a cloud upon the title of the cross complainant to the premises in question. The prayer of the cross-bill was that both the said contract and the certificate of redemption be declared null and void as clouds upon title of cross complainant and be delivered up and canceled; that an accounting might be had concerning the dealings of the said Johnson concerning said premises and that the rights of the parties be ascertained; that the cross defendant, Johnson, be required to remove his encroachments and restore the premises to their original condition; that a writ of injunction may be issued enjoining and restraining him, his agents, etc., from entering upon the aforesaid premises and from interfering with the use thereof by the cross complainant, and for such other and further relief as shall seem meet.

The cross-bill was sworn to by the cross complainant. Six days later, on April 11, 1921, the cross complainant filed her motion for a temporary writ of injunction to issue without notice, "For the reasons set forth in the additional affidavit hereto attached," and asked that said writ may be issued without bond for the reason that there is in the possession of the master in chancery more than $3,000 as set forth in the cross-bill which is under the control of the court and which cross complainant agrees may be retained by said master in chancery as security for any damages found due from her because of the issuance of said writ. The said sum of money is that which was paid

to the master by Johnson for redemption of the premises from foreclosure sale. The additional affidavit above referred to states that, after the filing of the said cross-bill, the cross defendant, Johnson, about midnight of April 5, 1921, by his agents, broke open the locks and doors upon the store building situated upon said premises and removed from the store all the fixtures belonging to affiant, ''As affiant is informed and believes,'' to his premises. That, thereafter, he locked the store building and attached his own locks thereto and placed in the store building certain fixtures of his own; that he is not now a resident of Lake county nor is there on file in said cause any appearance of any solicitor residing in said county. That he has pretended to lease the premises and has accepted a certain sum of money as rental; that the rights of affiant will be unduly prejudiced if an injunction is not immediately issued without notice.

The motion for the issuance of a temporary writ of injunction was granted on said 11th day of April, 1921. Afterwards, on the 12th day of May, 1921, the complainant in the original bill and the cross defendant in the cross-bill, Godfrey Johnson, entered his motion to dissolve the said temporary injunction, which motion was denied by the court and this appeal has been perfected in the manner prescribed by law.

It is apparent from the record in this case that the temporary injunction which was granted pursuant to the motion of cross complainant made on April 11, 1921, was a result in part, if not altogether, of a consideration by the court of matters set forth in the additional affidavit accompanying said motion. The order of the court granting the injunction recites that upon the reading of the cross-bill of complaint herein and ''accompanying affidavits'' it is hereby ordered that the writ of injunction issue as prayed for in said cross-bill. We are of the view that the court had no right to base its action in whole or in part upon any

statements of fact contained in the said additional affidavit. All the facts therein stated, such as breaking open the building, removing fixtures, changing locks, etc., occurred after the filing of the cross-bill. An injunction must always be based upon the allegations of the bill or cross-bill as the case may be and cannot be based upon the matters and things which are not alleged in the pleadings. It also appears that the important allegations of the cross-bill upon which an application for an injunction might be based are stated on information and belief. A temporary writ of injunction should not be issued upon such a bill without notice or hearing. (*Crawford-Adsit Co. v. Bell,* 95 Ill. App. 427; *Ft. Dearborn Safe Deposit Co. v. Rigdon,* 166 Ill. App. 334; *von der Leck v. Baldwin County Colonization Co.,* 178 Ill. App. 94; *Christian Hospital v. People,* 223 Ill. 244.) No notice was given the cross defendant, Johnson, of the application for the issuance of the writ, and the additional affidavit above referred to is wholly insufficient to excuse the cross complainant from the duty of serving him with notice.

The injunction was issued without bond, according to the order of the court, "For good cause shown." The only cause shown by the record for the issuance of the writ without bond is that the additional affidavit states that the master has more than $3,000 in his hands, received by him from Johnson, as redemption money as aforesaid. The said affidavit further states that the cross complainant is willing that this sum be held as security for any damages that may be assessed against her for the wrongful suing out of the injunction. The cross complainant alleges in her cross-bill that said redemption is without force and effect; that Johnson had no interest which entitled him to redeem. She prays that the redemption may be declared null and void and that the certificate of redemption be surrendered up and canceled. Under such circumstances where is the security? Is it sufficient that she consents

that the master may hold funds as security which she charges in her bill does not belong to her and which the master had no right to receive? It is unnecessary for us to enter into further discussion of this very obvious proposition. We therefore conclude that the temporary writ of injunction was improperly issued. The order refusing to dissolve the injunction is reversed and the cause is remanded with directions to the court below to dissolve the injunction granted upon the cross-bill.

*Reversed and remanded with directions.*