84   413
204s ³ 96

## Anna C. Keach et al. v. E. C. Hamilton, Assignee.

1. CONTRIBUTION—*A Matter of Equity Jurisdiction.*—Where the allegations of a bill, when properly considered, make a case of one surety against another for contribution, it is error to dismiss the bill for want of equity.

2. SURETY—*May Compel the Principal to Pay the Debt.*—It is not a necessary incident to the jurisdiction in equity, nor the right of the surety to resort thereto for his remedy, that he first pay the debt, but without making such payment he may come into a court of equity and compel the principal to pay the debt.

3. EQUITY PRACTICE—*Verification When the Bill is Demurred to.*— By demurring to a bill the defendant admits the facts, and it is not important whether any affidavit was attached to the bill or not.

**Bill to Enjoin the Collection of a Judgment at Law.**—Trial in the Circuit Court of Greene County; the Hon. OWEN P. THOMPSON, Judge, presiding. Bill dismissed for want of equity; appeal by complainants. Heard in this court at the May term, 1899. Reversed and remanded. Opinion filed September 20, 1899.

HENRY C. WITHERS, attorney for appellants.

A surety after the debt has become due, may without making payment himself, come into a court of equity and compel the principal to pay the debt.   Hale v. Wetmore, 4 Ohio St. 600; Tankersly v. Anderson, 4 Desaus. Eq. (S. C.) 44.

He stands in the position of an equitable assignee and

may use the remedies of a creditor at his own risk and cost. He may accordingly file a bill against the principal to compel him to pay the debt at maturity and make the creditor a party. Moore v. Topliff et al., 107 Ill. 249.

THOMAS HENSHAW, FREE P. MORRIS, FRANK L. HOOPER, attorneys for appellee, contended that a surety can not call upon his co-surety for contribution, nor can a surety insist that a trust deed or mortgage also given by the principal to secure the debt be foreclosed, and the money paid to him without having paid the debt, or been in any way damnified. He has no right of recovery either at law or in equity until he has discharged the debt. A mere surety or person ultimately liable can not sue and recover until he has paid the debt, or in some manner has been damnified. Darst v. Bates et al., 51 Ill. 439, 446; Conwell et al. v. McCowan, 53 Ill. 363; Stevens v. Hurlburt, 25 Ill. App. 124.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Appellants filed their bill in equity against appellee to enjoin the collection of a judgment at law for $287.41 against the appellants, in favor of John S. Sheldon for use of appellee, and which was obtained by confession upon a warrant of attorney for such purpose in the Circuit Court of Greene County. A temporary injunction was issued, but upon demurrer to the bill it was sustained by the court, the bill dismissed for want of equity and the injunction dissolved, from which decree this appeal is prosecuted, the Circuit Court having ordered the injunction continued in force pending such appeal.

It appears from the bill that appellant Anna Keach, who is the principal maker of the note upon which the judgment was obtained, and John S. Sheldon, were co-sureties upon the official bond of Samuel N. Hathaway as school treasurer of township 10, range 14, Greene county. Hathaway loaned or deposited with Sheldon, who was a banker at Loda, Ill., $2,300 of the school fund without security from

him therefor, after which Sheldon, being insolvent, made an assignment for the benefit of creditors and absconded. Hathaway is also insolvent. Anna C. Keach, the principal maker of the note, is solvent, and by reason of the default of Sheldon and Hathaway, although she has as yet paid nothing, she will be compelled to pay upon her liability as surety upon the bond of the school treasurer a sum of money in excess of the judgment sought to be enjoined, notwithstanding a mortgage given by Sheldon to the trustees of schools contemporaneously with the assignment.

The points insisted upon by counsel for appellee by which they seek to support the decree of the Circuit Court, may be stated in effect to be that no equity is disclosed by the bill and that the verification thereof is too indefinite and uncertain to support an injunction. It is insisted in support of the decree that appellant's remedy at law was adequate and that it should be first resorted to, or at all events until the surety has paid the debt no right exists to maintain the present bill. The demurrer admits the facts stated in the bill that are well pleaded, which appear substantially as we have above recited them, and when properly considered make a case merely of one surety against another for contribution, which, from the earliest time, has been regarded as matter of equity jurisdiction. Originally, it seems to have been questioned, whether contribution between sureties, unless founded upon some positive contract between them, incurring such liability, was a matter capable of being enforced at law. But there is now no doubt that it may be enforced at law, as well as in equity, although no such contract exists. But still the jurisdiction now assumed in courts of law upon this subject, in no manner affects that originally and intrinsically belonging to equity. (Story, Eq. Jur., Vol. 1, Secs. 495, 496.) Neither is it a necessary incident to the jurisdiction in equity, nor the right of the surety to resort thereto for his remedy, that he first pay the debt, but may without making such payment himself, come into court and compel the principal to pay the debt. Moore v. Topliff, 107 Ill. 249, and cases cited. Indeed there are many

cases in which the relief is more complete and effectual in equity than it can be at law, and such is the case we are considering; for it is easy to see that under the facts stated there is no adequate remedy at law. Sheldon and Hathaway are both insolvent, and the only available assets can be reached exclusively by means of equity procedure, namely, the money in the hands of appellant Anna C. Keach, with which to pay the judgment obtained against her at law. When the proper relief shall be granted by a court of equity, the judgment will be as effectually paid as if collected by process of execution, the difference being that equity will direct its application where it equitably belongs, toward the extinguishment of the debt due to the school fund for which Sheldon is equitably liable to appellants. The money being in her own hands and appellant having no legal defense to the suit or judgment at law, in a sense has an equitable lien upon it to the extent of having it applied in equity to the payment of the amount due to the school fund. We are therefore of the opinion there is equity upon the face of the bill, and it was error to sustain the demurrer to it.

The objection taken by appellee to the imperfect verification of the bill possesses no merit. By demurring to the bill he admitted the facts, and it thereby was not important whether any affidavit was attached to the bill or not. Where is the necessity or use of verification of the facts by oath or affirmation, when such facts have been admitted by the adverse party upon the records of the court? Clearly appellee waived, by demurrer, his objection in this respect.

For the error indicated the decree of the Circuit Court will be reversed and the cause remanded to that court for further proceedings not inconsistent with the views herein expressed. Decree reversed and remanded.