Barnard v. Dettenmaier.

<hr />

## Frank E. Barnard v. Henry Dettenmaier.

89    241
e93    92
e93  ² 93

1.  APPELLATE COURTS—*No Ouster of Jurisdiction by Subsequent Proceedings in the Trial Court.*—Where the Appellate Court obtains jurisdiction of a cause in a proper manner, its jurisdiction can not be ousted by any subsequent proceedings of the trial court.

2.  APPELLATE COURT PRACTICE—*When its Jurisdiction is Not Affected by Subsequent Proceedings of the Trial Court.*—Where a plaintiff in error at the time of suing out his writ is entitled to have the judgment of the trial set aside as to him, the jurisdiction of the Appellate Court can not be affected by a *nunc pro tunc* order of the trial court subsequently entered amending the judgment, and he is not only entitled to his taxable costs but to an order fully protecting him from the judgment of the trial court.

Assumpsit.—Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Reversed. Opinion filed April 17, 1900.

Statement.—This suit was in assumpsit and attachment in aid thereof, brought by Henry Dettenmaier against Henry J. Edwards, Henry W. Hoyt, A. L. Nestlerode, Frank E.

Barnard and John W. Hasse; attachment in aid against Edwards only; summons was issued but none of the defendants served; two of the defendants, Henry J. Edwards and Henry W. Hoyt, entered their appearance and filed pleas. During the progress of the trial suit was dismissed as against Henry W. Hoyt, leaving Henry J. Edwards the only party defendant before the court.

The cause was tried before a court and jury. The verdict of the jury, in both the assumpsit and attachment issues, were against Henry J. Edwards only, and were rendered March 24, 1899:

Judgment was entered April 15, 1899, upon said verdicts as follows, viz.:

" This cause coming on to be heard upon the defendant's motion, heretofore entered herein for a new trial in said cause, after arguments of counsel and due deliberation by the court, said motion is overruled and a new trial denied. Whereupon the defendants entered herein their motion in arrest of judgment, which motion is also overruled and denied. Therefore it is considered by the court that the plaintiff do have and recover of and from the defendants, Frank E. Barnard, A. L. Nestlerode, John W. Hasse and Henry J. Edwards, his said damages of nine hundred and forty-one dollars and sixty-six cents, in form as aforesaid, by the jury assessed, together with his costs and charges in this behalf expended, and have execution therefor.

" Thereupon the defendants, having entered their exceptions herein, prayed an appeal from the judgment of this court to the Appellate Court in and for the First District of Illinois, which is allowed upon the defendants filing herein their appeal bond in the penal sum of twelve hundred dollars, to be approved by the clerk of this court, together with their bill of exceptions, within thirty days from this date."

July 26, 1899, the transcript of record was filed in this court in this case. It appears by a supplemental transcript filed herein by defendant in error, that two months thereafter, to wit, September 23, 1899, an order was entered in the court below *nunc pro tunc* as of April 15, 1899, the date when said judgment was entered, directing that said judgment record be so amended that said judgment shall be against said Edwards only.

Upon the hearing of the motion to enter said *nunc pro tunc* order the defendant in error and said Edwards were present in open court by their respective attorneys, but it is stated in the bill of exceptions that " no evidence whatever, either oral or documentary, was offered by either of the parties except the record of said court in said cause, which record was then and there offered in evidence by counsel for the plaintiff, which was all the evidence offered by either of the parties, or heard or considered by the court on the hearing of said motion of the plaintiff.

"And thereupon said Circuit Court, having heard the arguments of counsel upon said motion, and being fully advised in the premises, upon consideration thereof granted said motion."

And it also thus appears that to the " ruling and decisions of said Circuit Court, granting said motion and entering said order, the defendant Henry J. Edwards, by his counsel, then and there duly excepted " and afterward tendered his bill of exceptions, which was duly signed and sealed by the judge of the trial court.

HENRY W. PROUTY and A. W. MARTIN, attorneys for plaintiff in error.

The Circuit Court erred in entering judgment against plaintiff in error without service or process on him.

The judgment, being a unit as to the four parties against whom it was entered, should be reversed as to all of said parties, and the cause should be remanded generally. Knights of Honor v. Goldberger, 115 Ill. 19.

C. H. WILLETT and LOUIS KARCHER, attorneys for defendant in error, contended that the trial court has the power to amend its record at a subsequent term so as to make it conform to the facts of the record.

In Heintz v. Pratt, 54 Ill. App. 616, suit was brought against two defendants, one of whom being served, judgment was entered against both. After appeal to the Appellate Court was perfected, a motion was made to amend

said judgment so as to be against one defendant only. The court say: "Such correction was entirely proper. The error in entering judgment against a defendant who was not brought into and did not appear in the cause was, as appeared by the files of the cause, a mere misprision of the clerk, citing Black on Judgments, Sec. 157; Seely v. Pelton, 63 Ill. 101, 105; Tucker v. Hamilton, 108 Ill. 464; Terry v. Trustees, 70 Ill. 236; Church v. English, 81 Ill. 442; Gillett v. Booth, 95 Ill. 183.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

It is conceded by counsel for defendant in error that the court below had no jurisdiction of the plaintiff in error, and that the judgment against him can not be sustained. It is, however, contended by defendant in error that the order of the trial court amending the judgment is valid, and that there is therefore nothing for this court to consider and determine. They insist that the record contains no error.

Clearly the plaintiff in error was entitled, when he brought this suit in this court, to have this judgment set aside as to him. He had caused the *sci. fa.* to be served and his abstract of record and brief and argument to be prepared and filed in this court before the order amending said judgment was made, or any notice in regard to the same given to plaintiff in error or his attorney, by defendant in error or his attorney.

The case was properly in this court and this court had jurisdiction. That jurisdiction can not be ousted by subsequent proceedings in the trial court. In any and every view of the case which may be taken, plaintiff in error is entitled to his taxable costs in this court, and he is entitled to have entered by this court such order or judgment as will fully protect him as against said judgment entered by the trial court. Said Edwards is not before this court, and this court can not therefore enter any judgment as to him. He has excepted to the entry of the order amending said

judgment and preserved his objections by bill of exceptions. As we have no jurisdiction to enter any judgment in this case which would be binding upon the only party who objects to the order of the Circuit Court amending the judgment record, we can not fully protect plaintiff in error otherwise than by reversing said judgment as against him. We express no opinion as to the validity of said judgment against said Edwards, as the same was amended.

Said judgment as against plaintiff in error is reversed.