## Cook County Brick Co. v. Wm. Bach & Sons Co.

1. AMENDMENTS—*To Bills for Injunctions After Orders are Entered and Appeals Taken.*—Bills for injunction, so far as matters of substance going to the right to relief and essential thereto, are concerned, defects existing when the order is issued, can not thereafter, and after an appeal,

be remedied by amendment so as to relate back and support an order which was erroneously issued. But where no defect of a substantial character exists and a defect of form only is in question, the rule does not apply.

2. Same—*What are Defects in Matters of Form.*—Where the *jurat* to a bill for an injunction showed that it was sworn to on the sixth day of September, when in fact it was sworn to, as it should have been, on the sixth day of October, an amendment to remedy the defect was held to be one of form only.

3. Jurat—*Not Necessarily a Part of the Bill.*—The *jurat* or certificate of the officer administering the oath to a bill for an injunction is not necessarily a part of the affidavit required by law, and it may be shown by proof *aliunde* that the statements contained in the bill were in truth and in fact made as they purported to be, on oath, duly administered by an officer duly authorized.

**Bill for an Injunction.**—Appeal from the Superior Court of Cook County; the Hon. Arthur H. Chetlain. Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed January 24, 1901.

**Statement.**—This is an appeal from an interlocutory order granting a temporary injunction. The injunction orders the appellant to " desist and refrain from entering or attempting to enter in and upon the complainant's premises, to wit, block 10 in Kinzie's subdivision of the northeast quarter of section 24, township 40 north, range 13 east of the third principal meridian, said premises lying and being in the County of Cook and State of Illinois; and from dispossessing or attempting to dispossess William Bach & Sons Company (appellee) from said premises and from in any manner interfering with or disturbing said William Bach & Sons Company in the possession or operation of said premises and the improvements and machinery thereon, and from entering the appearance of said William Bach & Sons Company in any suit or suits that may be brought in any court of record or before any justice of the peace at any time by said Cook County Brick Company against said William Bach & Sons Company, and from making any stipulation for or on behalf of said William Bach & Sons Company in any suit or suits brought by said Cook County Brick Company against said William Bach & Sons Com-

pany, and from commencing or prosecuting any suit or suits against said William Bach & Sons Company for the possession of said premises."

The bill of complaint upon the verified allegations of which the order in question was issued, charges in effect that the appellant company procured from appellee and others certain leases of premises used by them in their business, and certain agreements, for the sole purpose of enabling the appellant and others to fix, limit and regulate the amount and quantity of bricks produced or sold in Cook county, Illinois, and to regulate, fix and increase the price of bricks in the said county, and for no other purpose; in effect that the real purpose and intent of the parties who organized the appellant company was to form a corporation which should have for its sole and only purpose the establishment of an illegal combination or pool among the manufacturers of brick in said county, and that in carrying out such purpose the agreements and leases in question were executed. It was to restrain the appellant from proceeding to carry out and enforce the terms of such leases and agreements that the order in question issued.

The bill of complaint alleges that the appellee corporation was incorporated October 4, 1900. The order of injunction issued on October 6, 1900. But the *jurat* to the affidavit by which the allegations of the bill of complaint were verified, is dated September 6, 1900.

A transcript of a supplemental record was filed in this appeal by leave of the court, by which it appears that an order was entered in the court below on December 22, 1900, which is as follows:

"On this day came the complainant in this cause, by its solicitors, and asked leave of court to permit the notary public before whom Frederick A. Bach signed and swore to the affidavit attached to the bill of complaint in this cause, to change the date of his certificate of the signing and swearing to the said affidavit by said Frederick A. Bach, so as to read October 6, 1900, instead of September 6, 1900; in support of which motion complainant presented the affidavit of Frederic E. von Ammon, said notary public, showing that said affidavit attached to said bill was

signed and sworn to by said Frederick A. Bach before said notary public on October 6, 1900; and the court having heard arguments of counsel and being fully advised in the premises, finds that the affidavit attached to and made a part of the bill of complaint herein was signed and sworn to by said Frederick A. Bach before Frederic E. von Ammon, on the 6th day of October, 1900, and that the word 'September' in the certificate of said notary public, following said affidavit, was a clerical error, and that the word October should have been inserted instead of the word September. It is therefore ordered that the complainant be and it is hereby given leave to amend its bill of complaint herein instanter, by permitting said notary public, Frederic E. von Ammon, to strike out the word ' September,' appearing in his certificate upon the said affidavit of Frederick A. Bach attached to and made a part of the bill of complaint herein, and insert the word 'October' in said certificate in place of the word ' September.'"

Appellant has presented a motion to strike this supplemental transcript from the record here, and that motion has been reserved to final disposition of the appeal.

FELSENTHAL & FOREMAN, attorneys for appellant.

LACKNER, BUTZ & MILLER, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court:

The facts and the law controlling are substantially the same in this appeal as in the appeal in the case of Cook County Brick Company v. La Bahn Brick Company, 92 Ill. App. 526. The appeal in that case was from a like order of injunction and the bill of complaint in that case set up the same agreements and leases as are here involved. The statement of facts and the decision of this court in that case, as announced in the opinion of Mr. Presiding Justice Adams, is referred to as presenting the grounds of a like determination in this appeal. If there be any difference in the effect of the allegations in the two bills of complaint, it is that by this bill it is made more clearly to appear that the purpose of the engagements between appellant and appellee and others, was to control and enhance the price of brick

in the locality in question, and that the effect of a carrying out of the compact would necessarily be to increase the price of brick.    The fact of a payment back to all the companies concerned, as stockholders in the appellant, of the earnings of appellant in the form of dividends, would not operate to change the status so far as the principle governing is concerned.    For it appears that certain of the companies included in the compact may not be engaged in manufacture at all, and yet as shareholders would receive a part of the dividends, thus making the cost of producing necessarily greater to those companies actually manufacturing and paying to appellant the amounts required by the terms of their contract.

Perceiving no difference in the principle governing we hold that the determination of this appeal upon the substantial questions presented, is governed by the decision in Cook County Brick Company v. La Bahn Brick Company. 92 Ill. App. 526.

There remains only to consider the defect in the *jurat.* It is strenuously contended by counsel for appellant that the right to the order of injunction must be determined by the condition of the bill of complaint and its verification at the time of the issuing of the order, and the following authorities are cited in support of this contention: L. S. & M. S. Ry. Co. v. C. & W. I. Ry., 100 Ill. 21; Stirlen v. Neustadt, 50 Ill. App. 378; Barnard v. Dettenmaier, 89 Ill. App. 241.

In L. S. & M. S. Ry. Co. v. C. & W. I. Ry. Co., *supra,* the question determined was as to whether an order entered after an appeal had been perfected was brought up for review by the appeal.    The order was not in relation to an amendment.

In Stirlen v. Neustadt, *supra,* the question was as to the sufficiency of the matter sworn to in the affidavit, and it was held that it was insufficient in substance.    The court said in that case: "It may be that omissions in matters of form can be supplied *nunc pro tunc* after appeal, in order to perfect the record, but a new case can not be made."

In Barnard v. Dettenmaier, *supra*, the court declined to consider an order amending the judgment in a substantial manner, the amendment having been made while the case was pending for review upon writ of error.

From these decisions it may be concluded that so far as matters of substance are concerned, matters going to the right to relief and essential thereto, the defects existing when the order issued, can not thereafter and after an appeal, be remedied by amendment so as to relate back and support an order which was erroneously issued. But where no defect of substantial character exists and a defect of form only is in question, the rule does not apply.

We have, then, to inquire whether the defect in this *jurat* was a defect of form only, or a matter of such substantial importance as to make the bill of complaint insufficient to sustain the order. We are of opinion that the defect was in a matter of form only. Doty v. Colton, 90 Ill. 453; Cox v. Stern, 170 Ill. 442.

In the former case the court said :

" In the other respects indicated, the affidavit was, no doubt, defective in some merely formal matters, but plaintiff obtained leave of court for the notary to amend the *jurat*, according to the fact, as to the day on which the affidavit was sworn to, and also, leave for the notary to attach his official seal to the attestation, which he did. The amendments allowed were merely formal, and did not affect the substance of the affidavit. The mistake in the date of the attestation was a mere clerical error, apparent on the face of it."

In the latter case the court said :

" It is next contended that the instrument is inoperative as an affidavit because the *jurat* as to the oaths of the Schoenfields is not signed or authenticated in any way. But the *jurat* of the officer is not the affidavit, nor strictly speaking, any part of it. It is simply evidence of the fact that the affidavit was properly sworn to by the affiant. It has been frequently held, both in this State and elsewhere, that affidavits for attachment are not void because the clerk or officer failed to affix his signature to the *jurat*. We are of the opinion that the *jurat* or certificate of the officer administering the oath is not necessarily part of the

affidavit, but that it may be shown *aliunde* that the statements contained in the instrument were in truth and in fact made, as they purported to be, on oath duly administered by an officer duly authorized. The statute prescribes no form for the affidavit, and makes no provision as to the form in which the evidence of the oath shall be preserved or made to appear, but only requires that an affidavit shall be filed," etc.

The motion to strike out the supplemental record is therefore denied.

All other questions relating to the merits of the appeal are considered and disposed of in Cook County Brick Co. v. La Bahn Brick Co. The order is affirmed.