## The Sanganois Club, Appellant, v. General Lane et al., Appellees.

INJUNCTIONS—*when should not be awarded without notice.* An injunction should not be granted without notice where it does not appear from the bill or affidavit supporting the same that the rights of the complainant would have been unduly prejudiced if notice had been given to the defendants of the application. This rule is not affected by the fact that some of the defendants named in the bill reside in another county from that in which the application was made.

Bill for injunction. Appeal from the Circuit Court of Cass county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed November 17, 1908. Rehearing denied December 16, 1908.

L. A. JARMAN, for appellant.

MILTON McCLURE, for appellees.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

Appellant, a corporation organized for the purpose of carrying on a hunting club, filed a bill to restrain appellees and others from going upon its land for the purpose of hunting, shooting, or other purposes. A temporary injunction was ordered by the master in chancery, without notice to the defendants, and the writ served upon ten of their number. Upon motion of all the defendants such injunction was thereafter, upon hearing, dissolved by the chancellor. Written suggestions of damages were thereupon filed by the defendants. After hearing evidence in support thereof, a decree was entered against the complainant, in favor of all the defendants, for $100 solicitor's fees, and in favor of Kelly and Morris for $9 each. The complainant appealed.

The bill avers in substance that the complainant was and had been for several years, in possession of the

land in question as owner and lessee; that the defendants had not and never had claimed any title or interest in or right to possession of said lands; that the same being overflowed were only valuable for hunting and fishing purposes; that the complainant had expended several thousand dollars for and upon said lands that it and its members might use the same for such purposes; that the defendants had been repeatedly warned, by public and personal notice, not to hunt or trespass upon said land, but that they had repeatedly and almost continuously for a year then last past, and were from day to day, against the protest of the complainant, wilfully, illegally and maliciously trespassing upon said lands, with boats and decoys, hunting and shooting thereon, and would continue without cessation to so trespass unless restrained; that they were insolvent, and that the damages from such trespassers were of such a nature as are incapable of ascertaiment in a court of law; that the defendants were not residents of Cass county and could not conveniently be served with notice, and that they had threatened to continue to so trespass.

No objection is raised to the amount of the damages assessed as solicitor's fees. The other damages are too insignificant in amount to warrant discussion or consideration. The remaining errors argued are that the injunction was improperly dissolved, and that damages should not have been assessed before a final hearing of the cause upon the merits. We think the temporary injunction was properly dissolved, for the reason that it does not appear from the bill or affidavit supporting the same, that the rights of the complainant would have been unduly prejudiced if notice had been given to the defendants of the application. It is manifest that no actual or substantial injury could have resulted from further trespasses of the character threatened. The fact that some of the defendants resided in another county did not obviate the necessity of notice. Henderson v. Flanagan, 75 Ill.

App. 296. It was not error to assess damages for solicitor's fees before the final hearing, inasmuch as the same were for services rendered solely upon the motion to dissolve. ·

The decree of the circuit court is affirmed.

*Affirmed.*