**Catherine Rickerman, Appellee, v. German Mutual Life Insurance Company, Appellant.**

**Gen. No. 18,604.**

1. INJUNCTION—*effect of amending petition after granting writ.* An order sustaining a demurrer to a bill for an injunction and permitting an amendment after the granting of the writ and the making of an amendment pursuant thereto will not prejudice the injunction though the order be silent as to its effect thereon.

2. INJUNCTION—*necessity of verifying amendments to bill.* Amendments to a bill for an injunction made after the granting of

the writ need not be verified where the injunction was granted on a verified original bill, no further relief by way of injunction is prayed therein, and the injunction does not require for its support the additional matter brought out by the amendments.

Appeal from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed October 1, 1912.

GEORGE J. KUEBLER, ARCHIBALD A. McKINLEY and L. A. STEBBINS, for appellant.

ROBERT A. MEIER, JR., for appellee; CLARK VARNUM, of counsel.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

This is an appeal from an interlocutory order overruling a motion to dissolve an injunction. On November 22, 1910, a bill was filed by the appellee praying for the appointment of a receiver of the appellant, the German Mutual Life Insurance Company, for an accounting, and other relief. An injunction was issued on the following day, restraining the insurance company, its former and present officers, agents, and other persons claiming to act for it, from destroying, cancelling, removing, mutilating and taking outside of the County of Cook any of the books, papers or records of the respondent until the further order of the court. On June 9, 1911, an amendment to the bill was filed. On December 6th, following, an order was entered sustaining a demurrer to the bill as amended, and giving the complainant time in which to further amend the same. A second amendment was filed December 11, 1911. On January 13, 1912, a demurrer to the bill as amended was filed, which demurrer was, on February 23rd following, overruled. On March 15, 1912, the answer of the German Mutual Life Insurance Company was filed. The record

shows that on March 25th following the court over-ruled a motion to dissolve the injunction issued on November 23, 1910. It is from this order that the appeal is taken.

Exhaustive briefs have been filed by the parties upon the proposition advanced by the appellant, that the facts set forth in the bill constitute no ground for relief of any kind, and that therefore the injunctional order was improperly issued, and on motion should have been set aside. The evident purpose of the appeal is to obtain from this court a ruling upon the substantial merits of the cause, as presented by the amended bill and answer.

We do not feel called upon at this time to enter into an investigation and discussion of the merits of the controversy. The effect of the injunctional order entered was merely to preserve evidence. It in no way interfered with the business or transactions of the insurance company, and entailed no hardship. This is made apparent by the fact that from the date the order was entered, namely, November 23, 1910, no attempt was made to have it set aside until March, 1912. The appellant did not see fit to stand by its demurrer, but filed an answer. It is urged that the order sustaining the demurrer to the bill after the first amendment had been filed, of itself dissolved the injunction. Whatever may formerly have been the rule, the prevailing doctrine is that whenever, pending an injunction, an amendment is allowed to the bill, it is without prejudice to the injunction, which still stands, although the order granting leave to amend is silent as to its effect upon the injunction. So a complainant may amend even after demurrer filed, and the amendment will not prejudice the injunction. High on Injunctions, section 1594; Selden v. Vermilya, 4 Sandf. Ch. 573; Warburton v. London & B. R. Co., 2 Beav. 253.

The amendments to the bill were not sworn to, but

it has been held that where an injunction has been granted upon a verified original bill and an amendment to the bill is afterwards filed, such amendment need not be sworn to where no relief by way of injunction is prayed in the amendment and the injunction does not require for its support the additional matter brought out by the amendment. High on Injunctions, section 1598-a; Bauer Grocer Co. v. Zelle, 172 Ill. 407.

Ample time has elapsed since the filing of the bill for a determination of the case upon the merits in the Circuit Court. As heretofore stated, no hardship is placed upon the appellant by the injunctional order. A great injustice might be done if the appellant were allowed to destroy its books and papers or to remove them from the state.

The order appealed from is affirmed.

*Affirmed.*