## Annie E. Stephenson, Appellee, v. Francis G. Porter et al.

### William A. Rogan, Appellant.

### Gen. No. 5,980.

1. PLEADING, § 321*—*when verification of cross-bill sufficient.* An affidavit to a cross-bill which states that the contents thereof are true, "except as to those matters therein stated to be on information and belief, and that as to those matters he verily believes the same to be true," is an absolute verification of all the allegations of the cross-bill, except such as are expressly stated to be on information and belief.

2. MORTGAGES, § 515*—*how application by cross-complainant for appointment of receiver supported where evidence not offered.* Where, on a bill to foreclose a trust deed, a defendant files a cross-bill to foreclose a second trust deed and moves for the appointment of a receiver of the rents and profits and offers no evidence in support of his application, it must be supported only by those allegations of fact in his bill which are not therein stated to be on information and belief.

3. MORTGAGES, § 514*—*when receiver of rents and profits not appointed in action to foreclose.* The application for the appointment

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of a receiver of rents and profits, made by a cross-complainant who has filed a cross-bill to foreclose a second trust deed in a proceeding to foreclose a trust deed on the property, will not be granted, even though the second trust deed, which secures a principal sum of $3,000, with interest, pledges the rents and profits for the debt, where the evidence shows that the value of the property is over $20,000, that there is an existing offer of over $19,000 for the property and furniture, to secure the performance of which $6,000 has been deposited, and that the liens proven to exist are only $13,000 and about one year's interest.

Interlocutory appeal from the Circuit Court of Lake county; the Hon. CHARLES WHITNEY, Judge, presiding. Heard in this court. Reversed. Opinion filed January 16, 1915.

ELBRIDGE HANECY and JOHN F. GAVIN, for appellant.

PARKER H. HOAG and FREDERICK ULLMANN, JR., for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Annie E. Stephenson filed a bill in equity against Francis G. Porter and others to foreclose a trust deed of real estate, securing a debt for the principal sum of $10,000 with interest. George L. Miller, a defendant, answered and filed a cross-bill to foreclose a second trust deed of said real estate, securing a debt for the principal sum of $3,000 with interest. He then moved for the appointment of a receiver of the rents and profits. The application was heard. William A. Rogan, who had become the owner of the equity of redemption and was a defendant to both bills, resisted the application. A receiver was appointed and a proper bond for the cross-complainant and proper bond of the receiver were each approved and filed. Rogan preserved the evidence by a certificate and appeals from the order appointing the receiver.

The affidavit to the cross-bill states that the contents thereof are true, "except as to those matters *therein*

*stated to be* on information and belief, and that as to those matters he verily believes the same to be true." Appellant contends that this affidavit puts all the allegations of the cross-bill upon information and belief. The cases which he relies upon were where the words "to be" in the first part of the above quotation were absent. The one form refers the court to the language of the bill itself to ascertain what is therein stated to be on information and belief. The other form requires a search into the mind of the pleader or of the affiant to learn what he intended to state on information and belief. Of many cases holding the first form positive and sufficient and the second form uncertain and insufficient, we refer to *Stirlen v. Neustadt,* 50 Ill. App. 378; *Christian Hospital v. People,* 125 Ill. App. 631; and *Von der Leck v. Baldwin County Colonization Co.,* 178 Ill. App. 93. We regard it as settled that this affidavit is an absolute verification of all the allegations of the cross-bill, except where the cross-bill states expressly that the allegation is on information and belief.

Cross-complainant offered no evidence in support of his application for a receiver. It must therefore be supported, if at all, only by those allegations of fact in his bill which are not therein stated to be on information and belief. The existence of these two incumbrances for a total of $13,000 and interest is so established. The first instrument was dated May 1, 1913, and this application for a receiver was heard on May 9, 1914, so that the interest is not a large amount. There are allegations in the cross-bill of various notices for mechanic's liens for various amounts, but these are all alleged on information and belief and must be disregarded. Appellant proved against the application, by several witnesses, that the property was then worth more than $20,000 and that it was at that very time under an offer to buy the same, and

furniture in the dwelling house valued at $1,000 for over $19,000, and that the proposed purchaser had deposited $6,000 with the Chicago Title & Trust Company upon his offer to purchase the same. It is clear that the second trust deed pledged the rents and profits for this debt. The principles governing such a case are sufficiently laid down in *First Nat. Bank of Joliet v. Illinois Steel Co.,* 174 Ill. 140; *Bagley v. Illinois Trust & Savings Bank,* 199 Ill. 76; and *Ball v. Marske,* 202 Ill. 31. The *Bagley* case, *supra,* however, shows that though the fact that the trust deed gives a lien upon the rents and profits is to be considered in determining whether the power of the court to appoint a receiver should be exercised, yet the court is not bound to enforce it where it is not necessary for the security of the debt. We conclude that in this case, where the property is not only proven by several witnesses to be worth over $20,000 but an existing offer is shown to pay therefor (with furniture) over $19,000 with a substantial sum deposited to secure its performance, and the liens proven to exist are only $13,000 and about one year's interest, the court should not have appointed a receiver, and that it was not necessary to do so in order to make the cross-complainant entirely secure.

The order appointing the receiver is therefore reversed.

*Reversed.*