/ DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1921.

\

### Frank Roman et al., Appellees, v. Charles A. Humphreys, Appellant.

### Gen. No. 6,846.

1. EQUITY, § 271*—*sufficiency of verification.* An affidavit that the statements and allegations in a bill are true in substance and in fact, "except as to those matters therein stated to be upon information and belief, and as to those matters he believes them to be true," is an absolute verification of all the allegations of the bill except where the bill expressly states them to be upon information and belief.

2. INJUNCTION, § 183*—*sufficiency of verification to support temporary injunction.* Allegations in a bill stated to be upon information and belief and verified as such, though sufficient as pleading, are not sufficiently verified to support a temporary injunction.

3. EQUITY, § 23*—*jurisdiction to grant complete relief.* A court of equity, having jurisdiction of the parties and of the subject-matter and having acquired jurisdiction to determine equitable rights of the parties in certain lands, can retain jurisdiction to determine their legal rights and enforce legal remedies.

4. PLEADING, § 187*—*sufficiency of allegations to support temporary injunction to restrain prosecution of forcible entry and de-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*tainer suit.* Duly verified positive allegations in a bill that a court in chancery has acquired jurisdiction of the parties to a forcible entry and detainer suit to determine their rights in the lands, which suit is still pending and undetermined, and that one of the defendants in that suit has since brought the action at law against other parties who are in possession, are sufficient to require the circuit court to grant a temporary injunction to restrain the forcible entry and detainer suit.

5. EQUITY, § 188*—*manner of obtaining relief for grievances arising while suit is pending.* A party to a suit in equity having any grievance arising in the cause should apply for relief by cross-bill or otherwise in the equitable, action and not by a separate action at law.

6. EQUITY, § 99*—*parties to equitable action.* Parties who have entered into possession of lands under a party to a suit in equity after the court had acquired jurisdiction of the parties and the property are in legal effect parties to the suit.

Appeal from the Circuit Court of Henry county; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed March 17, 1921.

JOHN T. CUMMINGS and JAMES H. ANDREWS, for appellant.

STURTZ & EWAN and BARTLETT S. GRAY, for appellees.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court

On June 22, 1920, Frank Roman, Jacob Roman and Franklin Grant Humphreys filed a bill in equity against Charles A. Humphreys in the circuit court of Henry county, and on that day, on a hearing at which both complainants and defendant were respectively represented by counsel, obtained an order for a temporary injunction, restraining defendant from further prosecuting, until the further order of the court, a forcible entry and detainer suit brought by defendant against complainants for certain lands in said county, and then pending and about to be reached

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

for trial in said circuit court. Bond was given as required by the order. Defendant prosecutes this appeal from said order and argues that the injunction was improperly granted because the material allegations of the bill are verified only upon information and belief; and that there is no equity on the face of the bill.

A paragraph in said bill begins as follows: "And your orators further represent to the court upon information and belief, and so charge the facts to be," etc. Another paragraph begins: "And your orators further represent upon information and belief," etc. An averment of the bill following each of the paragraphs above mentioned appears to be a continuation of the statement on information and belief. The last paragraph of the charging part of the bill begins: "And your orators further represent that they are advised and believe and so state the facts to be," etc. Each of the three complainants attached his affidavit to the bill, in which he alleged that the statements and allegations contained in the bill are true in substance and in fact, "except as to those matters therein stated to be upon information and belief, and as to those matters he believes them to be true." Two different verifications on this subject have been discussed by courts of review in Illinois. One of them states that the contents of the affidavit are true, "except as to those matters therein stated to be on information and belief, and as to those matters, he verily believes the same to be true." The other states the exception thus: "except as to those matters therein stated on information and belief and as to those matters he verily believes the same to be true." We held in *Stephenson v. Porter*, 191 Ill. App. 303, that the form first above stated refers the court to the language of the bill itself to ascertain what is "therein stated to be on information and belief," while the other form requires a search into the mind of the

pleader or of the affiant to learn what he intended to state on information and belief. The cases generally hold the first form positive and sufficient and the second form uncertain and insufficient. We there cited a few authorities so holding, to which many others might be added. We regard the affidavits in this case as absolute verifications of all the allegations of the bill, except where the bill expressly states that the allegations are therein stated to be on information and belief. The allegations in this bill therein stated to be on information and belief are sufficient as pleading, but are not sufficiently verified to be relied upon to support the temporary injunction. But, disregarding the allegations so stated in this bill, there is in our opinion another line of allegation positively stated and verified, which justified the court in granting the preliminary injunction. It appears that Franklin Grant Humphreys, Mary E. Patterson Winslow and Charles A. Humphreys are the children of Hiram Humphreys, now deceased, who once owned the lands in question, and that it is the contention of the two children first above named that he died intestate, owning these lands, while defendant claims that deceased conveyed these lands to him in his lifetime under three certain deeds. It is positively charged in this bill that on May 20, 1918, Franklin Grant Humphreys and Mrs. Winslow and others filed a bill of complaint against Charles A. Humphreys and others as defendants in the circuit court of Henry county in chancery, in which they charged that each of said deeds is wholly invalid, void and of no legal effect, and that at the time of making said deeds Hiram Humphreys was feeble and infirm and incapable of making them and was under the duress and force and undue influence of said Charles A. Humphreys, who then occupied a fiduciary relation with said Hiram Humphreys, and that neither of said deeds was ever delivered, but that they remained in the

possession of Hiram Humphreys until his death. Said bill prayed that said deeds might be canceled and declared null and void and removed from the records as a cloud on the title, and that the lands be declared intestate estate of said Hiram Humphreys, deceased. The present bill further averred that the issues in that case had been made up and the cause referred to the master in chancery, who had heard all the evidence introduced by complainants in support of said bill and introduced by defendants, and that the evidence had been closed by both sides, and that said master had said cause under advisement for the purpose of making his report and his findings of law and fact, and had not yet filed said report in court, and that said lands described in said bill are the same lands for which Charles A. Humphreys brought said forcible entry and detainer suit. The present bill also positively averred that Franklin Grant Humphreys is in possession of said lands involved in said detainer suit under and by virtue of an arrangement with Mrs. Winslow, and that Frank and Jacob Roman are sub-tenants under Franklin Grant Humphreys of all the premises involved in said forcible entry and detainer suit. It therefore appears by positive allegation in the present bill, duly verified, that on May 20, 1918, the circuit court of Henry county on the chancery side thereof acquired jurisdiction of the parties to the forcible detainer suit and others interested in the title to said lands, and acquired jurisdiction to determine the rights of the parties in said lands, and that after said equity cause was pending, Charles A. Humphreys, one of the defendants in said chancery suit, sought to litigate said matters in an action at law begun by him while the cause was still pending and undetermined in equity against him. We are of opinion that as the court had taken jurisdiction of the parties and of the subject-matter and has acquired jurisdiction to determine the equitable rights of the parties in said

lands, it can also determine their legal rights. It is held in *Pool v. Docker,* 92 Ill. 501, *Miller v. Rowan,* 251 Ill. 344, and *Wright v. McKinney,* 287 Ill. 529, and in other cases cited in those authorities, that where a court of equity has acquired jurisdiction to grant equitable relief, it will retain the case to do complete justice between the parties, although it becomes necessary to declare legal titles and to enforce purely legal remedies. This rule may not apply if, upon the hearing of the proofs, all right to an equitable remedy fails. *Fleming v. Reheis,* 275 Ill. 134.

It was therefore the right and duty of the circuit court of Henry county to enjoin these proceedings at law, begun by one of the parties after the court in equity had acquired jurisdiction of said party and of his property rights. It is suggested that Charles has some grievance against Franklin because of the manner in which the latter acquired possession of said lands. If so, he could have applied to the court in the equitable cause by cross-bill or otherwise for relief therefrom. This bill was filed as an independent suit, whereas it should have been filed in the original equitable cause by way of supplemental bill or otherwise. As an excuse for filing a separate bill, it is urged that some of the complainants in the original equitable suit were not interested in this question and that the Romans are not parties to that suit. They are in legal effect parties because they entered the lands under one of the parties since a court of equity acquired jurisdiction of the parties and the lands. See authorities cited by us in *Macgregor v. Malarkey,* 96 Ill. App. 421. This objection that this bill should have been filed in the original equity cause is technical only and does not go to the merits of the matter, and can be obviated by the court below by directing that this present suit be consolidated with the original equity suit.

The order is affirmed.

*Affirmed.*