**T. H. Decker, Appellee, v. Ernest E. West, Appellant.**

**Gen. No. 8,509.**

Opinion filed February 19, 1934.

McGilvray, Eames, Vaughan & Tilley, for appellant; Franklin E. Vaughan, of counsel.

Decker & Decker, for appellee; Bernard M. Decker and Robert S. Cushman, of counsel.

Mr. Justice Dove delivered the opinion of the court.

The original bill in this case was filed by T. H. Decker, appellee, against Ernest E. West, appellant, on the 24th day of August, 1931. It alleged that on June 1, 1924, appellee, appellant and Andrew E. Decker, all of the City of Highland Park, Illinois, entered into an oral partnership agreement to carry on a plumbing and heating business in said city. The bill further alleged that in case of a dissolution it was agreed that the said Andrew E. Decker and Ernest E. West were not to enter into the plumbing and heating business in any locality in which they would be brought in direct competition with any plumbing and heating business carried on by complainant for a period of at least five years from the date of such dissolution; that the partnership continued to do a general heating and plumbing business until June 1, 1929, when Andrew E. Decker sold his interest to appellee; that appellee and appellant continued to carry on said business in Highland Park until April 29, 1931, when appellant, without cause, ceased to employ himself in said partnership business, and has set up and established in direct competition with appellee's business, a plumbing and heating business at 381 Elm Place in the City of Highland Park, known as West Plumbing Company; that appellant has written letters to certain of appellee's customers announcing that he is now conducting a plumbing and heating business and said acts have caused and threatened to cause a loss of patronage, general depreciation and loss of earnings and profits in appellee's business, thereby causing him irreparable and irremediable injury. The purpose of the bill was for a partnership accounting, and it contained a prayer for a temporary injunction to be issued without notice, restraining appellant from engaging in or maintaining a plumbing and heating business within the corporate limits of Highland Park and from solicit-

ing any of the customers of appellant or interfering with his plumbing and heating business until the further order of the court.

Upon the filing of the bill on August 24, 1931, a preliminary injunction was issued according to the prayer of said bill, without notice, on appellee entering into a bond in the sum of $1,000. On the same day the injunction bond was filed and approved.

Appellant, on November 30, 1931, filed his motion to dissolve the temporary injunction, setting forth that Andrew E. Decker was a necessary party to the bill, that the oral agreement set up in the bill of complaint was within the statute of frauds, Cahill's St. ch. 59, and that there was no equity on the face of the bill. This motion was argued on December 7, 1931 and denied, and a cross motion of the appellee to amend the bill on its face by adding Andrew E. Decker as a party defendant was allowed.

Subsequently and on January 19, 1932, upon leave being granted, appellant filed his motion to vacate that portion of the order of December 7, 1932, denying his motion to dissolve the preliminary injunction and also moved the court to dissolve the temporary injunction upon the grounds that the order granting a preliminary injunction was void because the bill of complaint was not sufficiently or properly verified, that the oral agreement set forth in the bill of complaint, not to engage in the plumbing and heating business, was void and contrary to public policy because it contained no limitation as to place or space, and that it was an error to issue an injunction in this case without notice to the appellant, because no facts were set up in the bill of complaint or affidavit supporting the same showing that the rights of appellee would be unduly prejudiced if the injunction had not issued without notice. At the same time, appellant filed his motion to increase the in-

junction bond to at least $6,000 and filed a general and special demurrer to the bill.

On February 5, 1932, an order was entered granting appellant, on his motion, leave to answer the bill within 20 days, his general and special demurrer being by him withdrawn. Leave was also given appellee to amend the verification of his bill of complaint without prejudice to the preliminary injunction issued on August 24, 1931. The court also denied appellant's motion to dissolve the temporary injunction and denied his motion to vacate the order of December 7, 1931, which denied appellant's motion of November 30, 1931, to dissolve the preliminary injunction. The court at this time heard the motion of appellant to increase the amount of the bond and entered an order requiring appellee to file an additional injunction bond, within 10 days, conditioned according to law and with surety to be approved by the court. This bond was never given by the appellee and the injunction was dissolved by the court on February 23, 1932.

From the order of February 5, 1932, an appeal was granted appellant and perfected, and the record is brought to this court for review.

Appellant contends first, that the preliminary injunction was issued upon a bill of complaint with a defective verification and that the order of February 5, 1932, granting appellee leave to amend the verification could not cure the error in granting the preliminary injunction on August 24, 1931, upon a bill of complaint defectively verified. Second, that no sufficient showing was made by the bill of complaint which justified the court in issuing the preliminary injunction without notice to appellant. Third, that the verbal partnership agreement, as set forth in the bill, providing that appellant could not engage in the plumbing and heating business for a period of five years after the dissolution of the partnership, was unenforceable as

within the provisions of the statute of frauds and fourth, that such provisions in the partnership agreement were void and unenforceable as they are contrary to public policy.

The affidavit which accompanied the original bill of complaint is as follows, viz.:

"State of Illinois $\Big\}$ ss.
County of Lake

"T. H. Decker, complainant in the above entitled cause, being first duly sworn upon oath deposes and says that he has read the above and foregoing bill of complaint by him subscribed and knows the contents thereof, and that the same is true of his own knowledge except as to those matters which are stated upon information and belief and as to those matters he believes it to be true; that he is advised and informed and so states the fact to be that his rights will be unduly prejudiced if the injunction in this cause is not issued immediately and/or without notice to the defendant.

T. H. Decker

"Subscribed and sworn to before me, this 24th day of August, A. D. 1931.

W. B. Brazell,
(Notarial Seal)                    Notary Public."

As amended, omitting the signature and jurat, the affidavit is as follows, viz.:

"T. H. Decker, complainant in the above entitled cause, being first duly sworn upon oath deposes and says that he has read the above and foregoing bill of complaint by him subscribed, and knows the contents thereof, and that the same is true of his own knowledge except as to those matters which are stated *therein to be* upon information and belief, and as to those matters he believes it to be true: that he is advised and informed and so states the fact to be that his rights will

be unduly prejudiced if the injunction in this cause is not issued immediately and/or without notice to the defendant.''

It will be seen that the amendment consisted of the addition of the three underscored words, *therein to be*. Without these words the verification was insufficient. *Neil v. Oldach*, 86 Ill. App. 354; *Roman v. Humphreys*, 220 Ill. App. 502. And it is therefore insisted by appellant that the motion of January 19, 1932, to dissolve the injunction should have been allowed as the order of February 5, 1932, granting appellee leave to make this amendment could not have a retroactive effect. In support of that contention appellant cites the cases of *Stirlen v. Neustadt*, 50 Ill. App. 378, and *Cook County Brick Co. v. Bach & Sons Co.*, 93 Ill. App. 88. The court held in the *Stirlen* case that the verification was insufficient, but as no attempt was made to amend it until after the appeal was perfected, the defect could not be remedied in that way. In the *Cook County Brick Co.* case, an appeal was perfected from an order granting a temporary injunction on October 6, 1900. Subsequently on December 22, 1900, the jurat was amended by leave of the lower court and a transcript of a supplemental record was filed in the Appellate Court showing the order of December 22, 1900, which was made after the order appealed from was pending in the Appellate Court. Neither of these cases sheds any light upon the question presented by this record. Our statute of amendments is very liberal and the chancellor did not err in permitting this amendment to be made without prejudice to the injunction theretofore granted. Counsel have not cited and we have not found any case in this State precisely in point, but in other States having similar liberal statutes on amendments it has been held that it was proper to allow such amendments to be made and that when made they related back to the commencement of the action. *Claus-*

*sen v. Chapin,* 69 Mont. 205, 221 Pac. 1073; *Kent Oil Co. v. Waddill,* 127 Kan. 704, 274 Pac. 1113. See also *Rickerman v. German Mut. Life Ins. Co.,* 172 Ill. App. 189.

On January 19, 1932, appellant filed his general and special demurrer to the bill. Upon this day he also filed his motion to vacate the order of December 7, 1931, and another motion to dissolve the preliminary injunction. Under the authorities, by filing his demurrer, appellant thereby admitting all the well pleaded facts, it was immaterial whether the verification was sufficient or insufficient. *Fowler v. Fowler,* 204 Ill. 82; *Sharples v. Baker,* 100 Ill. App. 108; *Keach v. Hamilton,* 84 Ill. App. 413. There was no error therefore in denying the motion to dissolve the temporary injunction on the ground that the verification was defective, nor is the objection that the injunction was issued without notice to appellant tenable. In the instant case, appellant not only appeared, but he filed his first motion to dissolve without raising the question of want of notice. It was not until January 19, 1932, that he included in his objections the failure of the court to require notice before issuing the preliminary injunction. On that day he also filed his special and general demurrer to the bill which he subsequently withdrew and procured leave to answer. In *Williams v. Chicago Exhibition Co.,* 188 Ill. 19, in considering the effect of a motion to dissolve upon the objection that the preliminary injunction was issued without notice, the court said: "If, however, there was any irregularity in the original issuance of the injunction, such as failure to give notice, such irregularity was waived by the motion to dissolve upon the face of the bill, inasmuch as such motion operated as a demurrer to the bill." To the same effect is *O'Beirne v. City of Elgin,* 187 Ill. App. 581, and many other cases. While it is true that a motion to dissolve was made in *Parish*

*v. Vance,* 110 Ill. App. 50; *Sanganois Club v. Lane,* 145 Ill. App. 475, and *Johnson v. Crouch,* 224 Ill. App. 105, the point that the motion to dissolve constituted a waiver was not passed upon by the court in any of these cases and it cannot therefore be said that these cases are in conflict with those heretofore cited.

It is next insisted that the verbal partnership agreement was within the statute of frauds and therefore unenforceable. Counsel for both parties agree that the chancellor in overruling this contention of appellant relied upon the case of *Osgood v. Skinner,* 111 Ill. App. 606. In their argument, counsel for appellant concede that this case is in point, but that it is not founded upon good reason or good law and should not be followed by this court. We have carefully considered the arguments advanced and the cases from other jurisdictions relied upon by appellant, but we believe the decision in the *Osgood* case, *supra,* should be adhered to, supported as it is by many cases from other states. In 25 R. C. L. 470, it is stated: ''According to the better view, a contract not to engage in a business for a stated number of years, more than one, is not within the statute, as it may be fully performed by the death of the promisor within a year. Some cases, however, hold that if the contract expressly states a period longer than a year, it will fall within the statute.'' *Dickey v. Dickinson,* 105 Ky. 748. See also *Erwin v. Hayden* (Tex. Civ. App.), 43 S. W. 610; *Doyle v. Dixon,* 97 Mass. 208. Furthermore the motion of January 19, 1932, to dissolve did not include among its reasons this ground, although the motion of November 30, 1931, which was denied on December 7, 1931, did and inasmuch as section 123 of the Practice Act then in force, Cahill's St. 1933, ch. 110, ¶ 122 (App'x) provided that an interlocutory appeal must be taken within 30 days after the order appealed from and as no appeal was perfected from the order of December 7,

1931, this question may not be presented to this court upon this record, but we have nevertheless considered it.

It is finally insisted that the provisions of the partnership agreement not to engage in the plumbing and heating business are contrary to the public policy of this State, inasmuch as there is no limitation as to place or space. According to the allegations of the bill, these parties mutually agreed that in the event the partnership was dissolved, neither appellant nor Andrew E. Decker would enter into the heating business in any locality in which they would be brought in direct competition with any heating or plumbing business carried on by appellee for a period of at least five years. Under these provisions, appellant insists that he might be enjoined anywhere in the United States from entering into the plumbing and heating business if appellee would be engaged in that business at the same place. The authorities relied upon by appellant all hold that the language employed in a contract of this character must be construed by the court, and if it is found to be reasonable, partial and founded upon a good consideration, it will be enforced, otherwise it will be held to be in general restraint of trade and therefore against public policy and void. *Harding v. American Glucose Co.,* 182 Ill. 551; *Hursen v. Gavin,* 162 Ill. 377. There are two principal grounds on which this doctrine is founded. "One is the injury to the public by being deprived of the restricted party's industry; the other is, the injury to the party himself by being precluded from pursuing his occupation and thus being prevented from supporting himself and his family. It is evident that both these evils occur when the contract is general, not to pursue one's trade at all, or not to pursue it in the entire realm or country. The country suffers the loss in both cases, and the party is deprived of his occupation or is

obliged to expatriate himself in order to follow it. A contract that is open to such grave objection is clearly against public policy.'' *Gibbs v. Consolidated Gas Co. of Baltimore City,* 130 U. S. 396, 409.

In *Pelc v. Kulentis,* 257 Ill. App. 213, the contract was limited as to territory, but unlimited as to time, and the court, after stating that the law relating to contracts in restraint of trade had undergone definite changes and development coextensive with the progress of trade and commerce, sustained the contract there under consideration, saying that the tendency of the modern decisions was to sustain contracts which impose a reasonable restraint on business, and that the test applied to the question of reasonableness is whether the restraint is such only as affords a fair protection to the interests of the party in whose favor it is given and not so large as to interfere with the interests of the public. The opinion then proceeds: ''Considered with reference to the situation, business and objects of the parties, and in the light of all the surrounding circumstances with reference to which the contract was made, if the restraint contracted for appears to have been for a just and honest purpose, for the protection of the legitimate interests of the party in whose favor it is imposed, reasonable as between them, and not injurious to the public, the restraint will be held valid.''

This contract, like all others, must be construed according to the intention of the parties. The intention of the parties must be arrived at by an examination of all the language used in the written instrument to which they subscribed their names. It is proper, however, for the court, as pointed out in numerous decisions, to bear in mind the entire subject matter of the contract, the situation of the parties thereto, the nature and extent of the business, the objects and purposes sought to be accomplished by the restriction

clause of the contract and all the surrounding circumstances. The bill in the instant case discloses that for three years prior to 1924 appellee and Andrew E. Decker had carried on a plumbing and heating business in Highland Park, a city of approximately 10,000 inhabitants, as copartners, appellee being the owner of three-fourths of the assets and Andrew E. Decker the owner of the remaining one-fourth; that on or about June 1, 1924, appellant, Andrew E. Decker, and appellee entered into an oral partnership agreement by the terms of which, among other things, appellee and Andrew E. Decker agreed to convey to appellant a one-fourth interest in the assets of the partnership in consideration of the payment to appellee of $10,500, with interest thereon from November 1, 1923, until paid; that this agreement was carried out and the copartnership continued in business until June 1, 1929, when Andrew E. Decker sold his interest to appellee, and appellant and appellee continued to carry on the business in Highland Park until April 29, 1931, when appellant, in violation of the provisions of the agreement and without cause, withdrew from the partnership business and thereafter established a plumbing and heating business in his individual capacity, and in direct competition with appellee's business, which he has continued to carry on in Highland Park, within a few blocks of appellee's location.

The express contract, according to the allegations of the bill, provided that upon a dissolution of the partnership, appellant would not *enter into* the plumbing and heating business in any locality in which he would be brought in direct competition with any plumbing and heating business carried on by appellee for a period of at least five years. The preliminary injunction only restrained appellant from engaging in or maintaining a plumbing and heating business in Highland Park. Taking into consideration the ex-

press wording of the agreement, the situation of the parties at the time the agreement was made, the subject matter with which the contract dealt, the nature and extent of the business, the objects and purposes sought to be accomplished by the employment of the restriction clause, we do not believe it was within the expressed intention of the parties to say that this restriction covers the entire world as insisted upon by appellant. The agreement is not that appellant would not engage in any plumbing and heating business in any locality in the world or in any locality where he would be brought into direct competition with any plumbing and heating business carried on by appellee, but that he would not *enter into* any such business in any such locality. It means, in the instant case, that since appellee was already engaged in this business in Highland Park at the time appellant entered into a competing business, that he, appellant, was violating the expressed intention of the parties by so doing, and as thus interpreted, the agreement is reasonable and consistent with the public policy of this State and valid under all the authorities as it affords a fair protection only to the interests of appellee in whose favor it was drawn. *Andrews v. Kingsbury,* 212 Ill. 97, and cases therein cited.

In our opinion the mutual promises of the parties to this agreement as therein expressed are a sufficient consideration to support the provisions of this contract as we have construed it, and the chancellor did not err in entering the order appealed from.

*Order affirmed.*